Brian Green
Law Office of Brian Green
9609 S. University Boulevard #630084
Littleton, CO 80130
briangreen@greenusimmigration.com

Mark R. Barr, Esq.
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
mbarr@lichterimmigration.com

Attorneys for Petitioner

**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | |
|---|---|
| Jeanette Vizguerra-Ramirez,<br><br>      Petitioner,<br><br>v.<br><br>Johnny Choate, Warden,<br>Aurora Ice Processing Center,<br><br>Ernesto Santacruz, Acting Field Office Director,<br>U.S. Immigration and Customs Enforcement,<br><br>Kristi Noem, Secretary,<br>U.S. Department of Homeland Security, and<br><br>Pamela Bondi, U.S. Attorney General,<br><br>      in their official capacities,<br><br>      Respondents. | Case No. **1:25-cv-00881**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**ORAL ARGUMENT REQUESTED** |

## INTRODUCTION

1. Petitioner, Jeanette Vizguerra-Ramirez, a citizen of Mexico, was detained on Monday, March 17, 2025, without statutory authority. She has not been placed in removal proceedings, under 8 U.S.C. § 1229a, which would permit her detention under 8 U.S.C. § 1226 pending a decision on whether she is to be ordered removed from the U.S. To the extent Respondents believe Ms. Vizguerra-Ramirez has a prior order of removal which has been reinstated, authorizing her detention under 8 U.S.C. § 1231(a)(5), the administrative record of that alleged reinstated order shows it to be procedurally and substantively deficient and therefore insufficient to authorize her current detention.

Accordingly, to vindicate Ms. Vizguerra-Ramirez's constitutional, statutory, and regulatory rights, this Court should grant the instant petition for a writ of habeas corpus. Absent an order from this Court, Petitioner faces imminent removal to Mexico and separation from her three U.S citizen children.

## JURISDICTION

2. This action arises under the Constitution of the United States and the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.*

3. This Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, § 9, cl. 2 of the United States Constitution (Suspension Clause).

4. This Court may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 *et. seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

5. Venue is proper because Ms. Vizguerra-Ramirez is detained at the GEO Group's ICE Processing Center in Aurora, Colorado, which is within the jurisdiction of this District. In addition, venue is proper in this District because a substantial part of the events giving rise to Ms. Vizguerra-Ramirez's claims occurred in this District, and she resides in this District and no real property is involved in this action. 28 U.S.C. § 1391(e).

## REQUIREMENTS OF 28 U.S.C. § 2243

6. The Court must grant the petition for writ of habeas corpus or issue an order to show cause (OSC) to the Respondents "forthwith," unless the Petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within *three days* unless for good cause additional time, not exceeding twenty days, is allowed." *Id.* (emphasis added).

7. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a *swift* and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added).

## PARTIES

8. Ms. Vizguerra-Ramirez is a native and citizen of Mexico. She has no current, lawful status in the U.S. She is being detained at the GEO Group's ICE Processing Center in Aurora, Colorado. She is in the custody, and under the direct control, of Respondents and their agents.

3

9. Respondent Choate is sued in is official capacity as the Warden of the GEO Group's ICE Processing Center in Aurora. He has immediate physical custody of Ms. Vizguerra-Ramirez pursuant to the facility's contract with U.S. Immigration and Customs Enforcement to detain non-citizens. Respondent Choate is a legal custodian of Ms. Vizguerra-Ramirez.

10. Respondent Santacruz is sued in his official capacity as the Acting Field Office Director of the Denver Office of U.S. Immigration and Customs Enforcement (ICE). Respondent Santacruz is a legal custodian of Ms. Vizguerra-Ramirez and has authority to release her.

11. Respondent Noem is sued in her official capacity as the Secretary of the U.S. Department of Homeland Security (DHS). In this capacity, Respondent Noem is responsible for the implementation and enforcement of the Immigration and Nationality Act, and oversees U.S. Immigration and Customs Enforcement, the component agency responsible for Ms. Vizguerra-Ramirez's detention. Respondent Noem is a legal custodian of Ms. Vizguerra-Ramirez.

12. Respondent Bondi is sued in her official capacity as the Attorney General of the United States and the senior official of the U.S. Department of Justice (DOJ). In that capacity, she has the authority to adjudicate removal cases and to oversee the Executive Office for Immigration Review (EOIR), which administers the immigration courts and the Board of Immigration Appeals. Respondent Bondi is a legal custodian of Ms. Vizguerra-Ramirez.

## LEGAL FRAMEWORK

13. Non-citizens placed in removal proceedings have a right to apply for various forms of relief from removal before an Immigration Judge. 8 U.S.C. § 1229a(c)(4). Two relief options relevant here are cancellation of removal, under 8 U.S.C. § 1229b(b)(1), and voluntary departure under 8 U.S.C. § 1229c(b). A person granted voluntary departure who complies with the terms of that grant will not have an order of removal. 8 U.S.C. § 1229c(b)(1). However, where a person granted voluntary departure does not leave by the stated deadline, the voluntary departure order converts to a removal order, and any subsequent departure is considered a self-removal. 8 C.F.R. § 1240.26(d) (alternate order of removal entered along with voluntary departure).

14. Non-citizens who received an adverse decision from an Immigration Judge in removal proceedings may appeal that decision to the Board of Immigration Appeals. 8 U.S.C. § 1229a(c)(5); 8 C.F.R. § 1003.1(b)(3).

15. Typically, the voluntary departure period begins running on the date of the Immigration Judge's order. However, when a person appeals an Immigration Judge's decision to the Board, the filing of the appeal automatically stays execution of the Immigration Judge's voluntary departure order. *Matter of A-M-*, 23 I&N Dec. 737, 744 (BIA 2005) (citing 8 C.F.R. § 1003.6(a)). Thus, while an appeal is pending, the voluntary departure period is not running, and an appellant cannot be charged with failing to depart. If the Board dismisses the appeal, its general policy is to reinstate the voluntary departure order for the same amount of time initially ordered by the Immigration Judge. *Matter of A-M-*, 23 I&N Dec. at 744.

5

16. If a person departs while an appeal is pending, her departure will be deemed a withdrawal of the appeal. 8 C.F.R. § 1003.4. In such a situation, "the initial decision in the case shall be final to the same extent as though no appeal had been taken." *Id.* Accordingly, in the case of an appellant with a tolled voluntary departure order, her departure from the U.S. prior to a decision on her appeal would immediately trigger the start of her voluntary departure period. *Id.* Such a person would, by definition, make a timely departure under the terms of the reawakened voluntary departure grant. *Id.*

17. If a person reenters the U.S. illegally after "having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date" and the person "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5).

18. In reinstatement proceedings under 8 U.S.C. § 1231(a)(5), a DHS officer conducts an interrogation to determine whether an individual has a prior removal order, is in fact the person identified in the prior order, and unlawfully reentered. 8 C.F.R. § 241.8(a). In making this determination, the officer "must obtain the prior order." 8 C.F.R. § 241.8(a)(1). At the conclusion of the interrogation, the officer signs and dates the top portion of Form I-871, titled "Notice of Intent/Decision to Reinstate Prior Order." This portion of the form contains the factual allegations against the individual, including that he or she is not a U.S. citizen, the date of the prior order, and the date of illegal reentry.

19. DHS must inform the individual that he or she has the right to make a written or oral statement contesting the conclusion that he or she is subject to reinstatement. 8 C.F.R. § 241.8(b). After completing the top portion of Form I-871, the officer must present

6

the notice portion of Form I-871 to the individual to sign and to indicate whether he or she wishes to make a statement contesting the determination. *Id.* ("If the [individual] wishes to make . . . a statement, the officer shall allow the [individual] to do so and shall consider whether the [individual]'s statement warrants reconsideration of the determination.").

20. Only after the person has been informed of their right to challenge the reinstatement, and any such challenge reviewed, does a different officer then sign and date the bottom portion of Form I-871, labeled "Decision, Order and Officer's Certification."

## STATEMENT OF FACTS

21. Ms. Vizguerra-Ramirez is a 43-year-old citizen of Mexico and mother of three U.S. citizen children. In 1997, at the age of 25, she came to the U.S., without inspection.

22. In 2009, she was placed in removal proceedings. As a defense to removal, she applied for cancellation of removal, a form of relief that authorizes an Immigration Judge to "cancel" a non-citizen's deportation and grant lawful permanent residency if the applicant meets four statutory requirements, including a demonstration of unusual hardship to certain relatives with lawful status. Ms. Vizguerra-Ramirez sought relief based on the hardship that would befall her three U.S. citizen children.

23. On November 18, 2011, the Immigration Judge in Denver denied Ms. Vizguerra-Ramirez's application for cancellation of removal. However, he granted her alternate request for voluntary departure, giving her 60 days to leave the country in lieu of a removal order.

24. On December 16, 2011, Ms. Vizguerra-Ramirez timely appealed the denial of her cancellation application to the Board of Immigration Appeals. Her timely appeal meant

7

that her 60-day period of voluntary departure was tolled during the pendency of the appeal. 8 C.F.R. § 1003.6(a).

25.     In September 2012, while her appeal remained pending, Ms. Vizguerra-Ramirez learned that her mother was dying. To see her one last time, she flew back to Mexico. Her departure from the country by regulation, was deemed a withdrawal of her appeal. 8 C.F.R. § 1003.4. At the same moment of departure in September 2012, the Immigration Judge's 2011 order sprang back into existence along with its 60-day voluntary departure period. *Id.* Because her departure triggered the start of the reawakened 60-day voluntary departure clock, Ms. Vizguerra-Ramirez necessarily made a timely departure, securing her the benefits of the grant. *Id.*

26.     Having attended her mother's funeral and grieved with family in Mexico, Ms. Vizguerra-Ramirez then returned to the U.S., without inspection, in April 2013, to be reunited with her children. She was apprehended shortly after her entry and charged criminally for illegal entry under 8 U.S.C. § 1325(a)(1), receiving a sentence of one year of unsupervised probation.

27.     After being released from criminal custody, Ms. Vizguerra-Ramirez was turned over to ICE custody El Paso, Texas, where she remained until June 7, 2013. Ms. Vizguerra-Ramirez was then released under an order of ICE supervision, which required her to report to the ICE field office in Centennial, Colorado.

28.     On July 24, 2013, at her check-in, ICE officials detained Ms. Vizguerra-Ramirez. The next day, July 25, 2013, ICE officials presented her with a Form I-871 which was signed and dated on both the top (notice) *and* bottom (reinstatement order). Having

8

been notified on July 25th that an order had already issued the day prior, Ms. Vizguerra-Ramirez declined to sign the middle of the form. That order is pasted below:

> **U.S. Department of Homeland Security**            **Notice of Intent/Decision to Reinstate Prior Order**
>
> File No. A089 826 036
> Event No: DEN1307000520
> FIN #: 1086576171    Date: July 24, 2013
>
> Name: Jeanette Vizguerra-Ramirez
>
> In accordance with section 241(a)(5) of the Immigration and Nationality Act (Act) and 8 CFR 241.8, you are hereby notified that the Secretary of Homeland Security intends to reinstate the order of ___Removal___ entered against you. This intent is based on the following determinations:
>
> 1. You are an alien subject to a prior order of deportation / exclusion / removal entered on __November 18, 2011__ at __Denver, CO.__
>
> 2. You have been identified as an alien who:
>    - ☐ was removed on _____ pursuant to an order of deportation / exclusion / removal.
>    - ☒ departed voluntarily on __September 8, 2012__ pursuant to an order of deportation / exclusion / removal on or after the date on which such order took effect (i.e., who self-deported).
>
> 3. You illegally reentered the United States on or about __April 20, 2013__ at or near __PRESIDIO, TEXAS__
>
> In accordance with Section 241(a)(5) of the Act, you are removable as an alien who has illegally reentered the United States after having been previously removed or departed voluntarily while under an order of exclusion, deportation or removal and are therefore subject to removal by reinstatement of the prior order. You may contest this determination by making a written or oral statement to an immigration officer. You **do not** have a right to a hearing before an immigration judge.
>
> The facts that formed the basis of this determination, and the existence of a right to make a written or oral statement contesting this determination, were communicated to the alien in the __Spanish__ language.
>
> B 3476  EICHERS
> (Printed or typed name of official)           (Signature of officer)
>
> DEPORTATION OFFICER
> (Title of officer)
>
> **Acknowledgment and Response**
>
> I ☐ do ☐ do not wish to make a statement contesting this determination.    7/25/2013  1125HRS
> _____        Alien refused to sign
> (Date)                (Signature of Alien)
>
> **Decision, Order, and Officer's Certification**
>
> Having reviewed all available evidence, the administrative file and any statements made or submitted in rebuttal, I have determined that the above-named alien is subject to removal through reinstatement of the prior order, in accordance with section 241(a)(5) of the Act.
>
> July 24, 2013      CENTENNIAL, CO.
> (Date)              (Location)               (Signature of authorizing/deciding official)
>
> R 2395 STRONG                                  SDDO
> (Printed or typed name of official)            (Title)
>
> Form I-871 (Rev. 08/01/07)

29.     The reinstatement order is facially deficient. It clearly indicates that ICE officials violated Ms. Vizguerra-Ramirez's due process rights by issuing the order on July

9

24th *before* letting her know of its existence and of her right to raise an objection prior to the order becoming final.

30. The procedural error was not immaterial. Had Ms. Vizguerra-Ramirez been notified of the possibility of a reinstatement order, she could have alerted officials to the fact that she did *not* have a prior removal order. Instead, she had a grant of voluntary departure that was issued in lieu of a removal order, and by leaving the U.S. while her appeal was pending, she necessarily complied with the order's departure deadline. Absent a prior removal order, there was nothing to be reinstated in 2013.

31. Perhaps aware of the due process violation, ICE agents granted Ms. Vizguerra-Ramirez a stay of removal on August 8, 2013. Since that time, ICE has repeatedly granted extensions of that stay of removal.

32. However, early yesterday morning, ICE agents apprehended Ms. Vizguerra-Ramirez. She is being held at the GEO Group's ICE Processing Center in Aurora, Colorado.

## CLAIMS FOR RELIEF

### COUNT ONE
### Violation of Fifth Amendment Right to Due Process

33. The allegations in the above paragraphs are realleged and incorporated herein.

34. The Respondents have violated Ms. Vizguerra-Ramirez's rights to constitutional due process by detaining her without statutory authority.

35. There are only two possible sources of the Respondents' detention authority. The first is 8 U.S.C. § 1226, which authorizes the detention of non-citizens during the pendency of removal proceedings. However, Respondents have not indicated to Ms. Vizguerra-Ramirez that she will be placed in removal proceedings under 8 U.S.C. § 1229a.

36.     The second is 8 U.S.C. § 1231, which authorizes the detention of non-citizens following the issuance of an administratively final order of removal. Ms. Vizguerra-Ramirez, however, has no such order. She received voluntary departure in lieu of a removal order in 2011 and made a timely departure under the terms of that order in 2012. The government's attempt at reinstatement in 2013 was fatally flawed by its decision to issue that putative order *prior to* meeting its regulatory duty of informing Ms. Vizaguerra-Ramirez of her right to challenge the determination.

37.     Absent detention authority under § 236 or § 241, the Respondents' decision to detain Ms. Vizguerra-Ramirez violates the Due Process Clause of the Fifth Amendment.

## COUNT TWO
### Violation of 8 U.S.C. § 1231(a)(5) and Implementing Regulations

38.     The allegations in the above paragraphs are realleged and incorporated herein.

39.     To the extent Respondents assert detention authority under 8 U.S.C. § 1231(a)(5), that argument would be unfounded considering the government's failure to abide by its due process protections, to wit, the requirement that Ms. Vizguerra-Ramirez be informed of the intended reinstatement, and of her right to challenge that determination, *prior to* the issuance of a final order.

40.     For these reasons, Respondents' detention of Ms. Vizguerra-Ramirez violates 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8(b).

## PRAYER FOR RELIEF

Wherefore, Petitioner respectfully requests this Court to grant the following:

(1)     Assume jurisdiction over this matter.

11

(2) Issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days.

(3) Declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1231(a)(5), and 8 C.F.R. § 241.8(b).

(4) Issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately.

(5) Award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law.

(6) Grant any further relief this Court deems just and proper.

Respectfully submitted,

/s/ Brian Green
*Counsel for Petitioner*

Dated: March 18, 2025

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I represent Petitioner, Jeanette Vizguerra-Ramirez, and I submit this verification on her behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

Dated this 18th day of March 2025.

/s/ Brian Green
*Counsel for Petitioner*
