# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Nina Y. Wang

Case No. 25-cv-00881-NYW

JEANETTE VIZGUERRA-RAMIREZ,

    Petitioner,

v.

JOHNNY CHOATE, in his official capacity as Warden, Aurora ICE Processing Center;
ERNESTO SANTACRUZ, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement;
KRISTI NOEM, in her official capacity as Secretary, U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as U.S. Attorney General,

    Respondents.

_____

# ORDER
_____

This matter is before the Court on the Petition for Writ of Habeas Corpus filed by Petitioner Jeanette Vizguerra-Ramirez ("Petitioner" or "Ms. Vizguerra-Ramirez") [Doc. 1, filed March 18, 2025].

## BACKGROUND

Ms. Vizguerra-Ramirez is a citizen of Mexico who was detained by agents of United States Immigration and Customs Enforcement ("ICE") on March 17, 2025. [Doc. 1 at 2 ¶ 1]. The following day, Ms. Vizguerra-Ramirez filed the instant Petition for Writ of Habeas Corpus against Johnny Choate, Warden, Aurora ICE Processing Center; Ernesto Santacruz, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary, U.S. Department

of Homeland Security; and Pamela Bondi, in her official capacity as U.S. Attorney General (collectively "Respondents"), arguing that her detention is without statutory authority because she has not been placed in removal proceedings under 8 U.S.C. § 1229a and because she is not subject to a valid, reinstated prior order of removal under 8 U.S.C. § 1231(a)(5). [*Id.*]. Accordingly, Ms. Vizguerra-Ramirez invokes this Court's jurisdiction under various statutes, including but not limited to 28 U.S.C. § 2241 (Writ of Habeas Corpus) and 28 U.S.C. § 1331 (Federal Question). [*Id.* at 2 ¶ 3]. She also asserts that this Court "may grant relief under the habeas corpus statutes, 28 U.S.C. § 2241 . . ., the Declaratory Judgment Act, 28 U.S.C. § 2201 . . ., and the All Writs Act, 28 U.S.C. § 1651." [*Id.* at 2 ¶ 4].

Petitioner further argues that "[a]bsent an order from this Court, Petitioner faces imminent removal to Mexico[.]" [*Id.* at 2 ¶ 1]. She requests that the Court: (1) assume jurisdiction over this matter; (2) issue an Order to Show Cause ordering Respondents to show cause why this Petition should not be granted within three days; (3) declare that Petitioner's detention violates the Due Process Clause of the Fifth Amendment, 8 U.S.C. § 1231(a)(5) and 8 C.F.R. § 241.8(b); (4) issue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately; (5) award Petitioner attorney's fees and costs under the Equal Access to Justice Act, and on any other basis justified under law; and (6) grant any further relief this Court deems just and proper. [*Id.* at 12–13]. This Court issued an Amended Order to Show Cause to Respondents, setting a deadline for a response by March 24, 2025, and directing Petitioner to serve each Respondent with the summons, Petition, and a copy of the Amended Order to Show Cause by 5:00 p.m.

on March 20, 2025. [Doc. 9]. The Court also set a hearing on the Petition, and the Respondents' response, for March 28, 2025 at 1:30 p.m. [*Id.*].

Ms. Vizguerra-Ramirez also filed a Petition for Review with the United States Court of Appeal for the Tenth Circuit ("Tenth Circuit") on March 18, 2025. *See Vizguerra-Ramirez v. Bondi*, No. 25-9532 (10th Cir. Mar. 18, 2025).[1]

## ANALYSIS

The All Writs Act provides, in pertinent part, that:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

28 U.S.C. § 1651(a). The All Writs Act dates from the first Judiciary Act of 1789, and the Supreme Court has recognized that its express authority empowers lower courts, in limited circumstances, to issue temporary injunctions as may be necessary to protect the status quo or their own jurisdiction. *See FTC v. Dean Foods Co.*, 384 U.S. 597, 603, 608 (1966). Indeed, the Supreme Court has instructed that, "[u]nless appropriately confined by Congress, a federal court may avail itself of all auxiliary writs as aids in the performance of its duties, when the use of such historic aids is calculated in its sound judgment to achieve the ends of justice entrusted to it." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 172–73 (1977) (quotation omitted).

---

[1] Though this Court takes judicial notice of the Tenth Circuit's docket that it appears that Ms. Vizguerra-Ramirez's petition is an appeal from the Board of Immigration Appeals ("BIA"), the actual Tenth Circuit Petition for Review is restricted, and this Court does not have access to its substantive contents. *See St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may take judicial notice of filings in related cases).

It is clear that Petitioner sought relief in both this Court and the Tenth Circuit expeditiously after her detention. This case raises complex issues about not only the legality of Ms. Vizguerra-Ramirez's ICE detention under immigration law, but also the jurisdictional interplay between district and appellate courts facing this specific set of factual circumstances. Respondents have not yet had an opportunity to show cause why the Petition should not be granted. And in its own independent research, this Court found no case on all fours, where the petitioner claimed that she was granted voluntarily departure and departed within the requisite time period—resulting in no valid Order of Removal that could be reinstated upon reentry—and that the reinstatement of the prior removal order was further procedurally flawed. Like the court in *Perez Parra v. Castro*, No. 24-cv-00912-KG-KRS, 2025 WL 435977, at *2 (D.N.M. Feb. 9, 2025), this Court notes that, based on the current record, it cannot assure itself of jurisdiction to consider this habeas petition if Ms. Vizguerra-Ramirez is removed from the United States during the pendency of this action. *Compare Ferry v. Gonzales,* 457 F.3d 1117, 1132 (10th Cir. 2006), *with Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003) (holding that deportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences (citing *Tapia Garcia v. I.N.S.,* 237 F.3d 1216, 1217–18 (10th Cir. 2001)); *Singh v. Choate*, No. 23-cv-02069-CNS, 2024 WL 309747, at *1 (D. Colo. Jan. 26, 2024).

This Court also recognizes that there is a concurrently filed case pending in the Tenth Circuit. The Tenth Circuit is not only superior to this Court, but it could also rule in a way that impacts this Court's consideration of the instant Petition.

In light of these unusual circumstances, this Court respectfully concludes that an injunction is necessary to preserve the status quo and permit this Court the opportunity to thoughtfully consider the issues raised by both sides to achieve the ends of justice entrusted to this Court.  See *Perez Parra*, 2025 WL 435977 at *2 ("[A]n injunction is necessary to achieve the ends of justice entrusted to this Court."); *M.K. v. Joyce*, No. 25-cv-01935-JMF, 2025 WL 750599, at *1 (S.D.N.Y. Mar. 10, 2025); Suri v. Trump, No. 25-cv-00480-PTG-WBP, ECF No. 7 (E.D. Va. Mar. 20, 2025) (ordering, pursuant to the All Writs Act, that the petitioner remain in the United States pending review of habeas petition).  Given the fact that Ms. Vizguerra-Ramirez was recently taken into ICE custody, it does not appear that there will be any prejudice to Respondents by maintaining the status quo pending resolution of this action, particularly given the expedited manner by which this action is proceeding.  See [Doc. 9 (setting the deadline for response to the Order to Show Cause as March 24, 2025)].  The Court emphasizes that this Order is limited in scope to this Petitioner due to the unique factual and procedural issues raised in her Petition.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that:

(1) Respondents Johnny Choate, Warden, Aurora ICE Processing Center; Ernesto Santacruz, in his official capacity as Acting Field Office Director, U.S. Immigration and Customs Enforcement; Kristi Noem, in her official capacity as Secretary, U.S. Department of Homeland Security; and Pamela Bondi, in her official capacity as U.S. Attorney General **SHALL NOT REMOVE** Petitioner Jeannette Vizguerra-Ramirez from the District of

Colorado or the United States unless and until this Court or the Court of Appeals for the Tenth Circuit vacates this Order.

DATED: March 21, 2025

BY THE COURT:

_____
Nina Y. Wang
United States District Judge