IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00881-NYW-KAS

Jeanette Vizguerra-Ramirez,

    Petitioner,

v.

Dawn Ceja,
    Warden, Aurora ICE Processing Center,
Robert Guadian,
    Field Office Director, U.S. Immigration and Customs Enforcement, U.S.
    Department of Homeland Security,
Kristi Noem,
    Secretary, U.S. Department of Homeland Security,
Pamela Bondi,
    U.S. Attorney General, U.S. Department of Justice,

    in their official capacities,

    Respondents.

**MOTION FOR EXPEDITED DISCOVERY**

## I. INTRODUCTION

Petitioner-Plaintiff, Jeanette Vizguerra-Ramirez (hereinafter "Petitioner"), seeks an order for expedited discovery, directing Respondents to provide limited information, exclusively in Respondents' possession, regarding the U.S. Department of Homeland Security ("DHS") and Immigration and Customs Enforcement's ("ICE") internal communications relating to the apprehension and detention of Ms. Vizguerra-Ramirez. Specifically, Ms. Vizguerra-Ramirez seeks all communication or documentation, including, but not limited to all texts, direct messages, emails on all platforms (including but not limited to Microsoft Teams, Signal, WhatsApp, etc.), other internal or external correspondence (digital or hardcopy), internal computer records, or immigration forms that contain any reference to her in any capacity, i.e., her first and/or last name, any nickname or alias used by Defendants DHS or ICE personnel to refer to her, and/or her A number, from January 1st, 2025, until present day; all such communication or documentation regarding her detention, classification, or other specific references to Ms. Vizguerra-Ramirez with Defendants DHS, ICE and GEO Group, Inc. employees at the Aurora ICE Processing Center; and all such communication or documentation regarding her referral to and processing of her reasonable fear interview or any other specific references to Ms. Vizguerra-Ramirez with U.S. Citizenship and Immigration Service ("USCIS").[1]

On April 8, 2025, Petitioner filed an Amended Complaint and Verified Petition for Writ of Habeas Corpus which outlines how DHS has violated Ms. Vizguerra-Ramirez's

---

[1] Ms. Vizguerra-Ramirez reserves her right to seek further discovery should it become necessary.

1

First Amendment right to freedom of speech by targeting her for being an outspoken immigration activist, which includes vocal criticism of the U.S. immigration system and its administration. The purpose of this expedited discovery motion is to obtain the evidence needed to fully and efficiently assess Ms. Vizguerra-Ramirez's Habeas claim as to whether her detention is in violation of her rights under the First Amendment.

Respondents' decision to target Ms. Vizguerra-Ramirez for detention, substantially on account of her protected speech, strikes at the heart of the First Amendment. As the Supreme Court has held, "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state." *City of Houston, Tex. v. Hill,* 482 U.S. 451, 462–63 (1987). As shown by the prominence of immigration issues in the recent election, immigration policy is a matter of heightened public concern, making discussions about the topic clearly covered within the scope of First Amendment protection. *See Connick v. Myers,* 461 U.S. 138, 145 (1983) ("[S]peech on public issues occupies the highest rung of the hierarchy of First Amendment values, and is entitled to special protection."); *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1034 (1991) ("[S]peech critical of the exercise of the State's power lies at the very center of the First Amendment."). By specifically targeting Ms. Vizguerra-Ramirez for detention due to her national prominence as an activist, a status achieved through her sharp critiques of government enforcement policies, DHS's actions violated her rights under the First and Fifth Amendments of the U.S. Constitution, the Immigration and Nationality Act, and its own federal regulations. Ms. Vizguerra-Ramirez's retaliatory arrest is not an aberration, as DHS is similarly targeting

noncitizens exercising their speech rights across the country in recent weeks. *See, e.g.*, *Khalil v. Joyce, et al.*, 2:25-cv-01963 (D.N.J. 2025); *Ozturk v. Hyde, et al.*, 1:25-cv-10695 (D. Mass 2025); *Mahdawi v. Trump*, 2:25-cv-00389 (D. Vermont).

There is ample public evidence available showing that DHS and/or ICE chose to target and detain Ms. Vizguerra-Ramirez in retaliation for her activism and in violation of her First Amendment right to freedom of speech. *See infra* Statement of Facts and Procedural History. Ms. Vizguerra-Ramirez respectfully requests that this Court order Respondents provide tailored, early discovery because the amount of publicly available evidence showing that DHS and/or ICE directly targeted her indicates a high likelihood that there is more evidence within internal agency communications, and other related material not publicly available, that will show DHS and/or ICE chose to target Ms. Vizguerra-Ramirez, with the intention of suppressing and retaliating against her for exercising her First Amendment rights. This is particularly necessary at this moment because the Respondents have argued that Ms. Vizguerra-Ramirez has not met her burden to show retaliation. *See* ECF 30. Discovery will determine whether they have communications in their possession – that are not otherwise available to Ms. Vizguerra-Ramirez – further illustrating their motive in detaining her.

Given Ms. Vizguerra-Ramirez's notoriety and the unusual processing of her detention and her referral to USCIS for a reasonable fear screening, a mandatory process to determine whether Ms. Vizguerra-Ramirez's removal would subject her to harm if returned to Mexico, it is likely that the same type of evidence showing continuing retaliation exists within the custody and control of Respondent Dawn Ceja and DHS's operational subcomponent, USCIS. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969)

("where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that [she] is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry"). To fully and efficiently assess the merits of Ms. Vizguerra-Ramirez's Habeas claim, Petitioner must review internal DHS and/or ICE communications, including those they work in concert with such as officials at the detention center and USCIS, to see if there is internal evidence that DHS and/or ICE intentionally targeted Ms. Vizguerra-Ramirez for the purpose of silencing her. Granting this request for expedited discovery would give Petitioner the opportunity to review all evidence relevant to the issue of the legality of her current detention.

Any internal DHS and/or ICE communications regarding why or how they chose to detain Ms. Vizguerra-Ramirez would allow this Court to fully assess the constitutionality of Ms. Vizguerra-Ramirez's detention and resolve the question of whether Ms. Vizguerra-Ramirez is entitled to relief.  Accordingly, Ms. Vizguerra-Ramirez demonstrates good cause, the recognized standard required when considering a motion for expedited discovery. *See Qwest Communs. Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003); *see also Pod-Ners, LLC v. Northern Feed & Bean*, 204 F.R.D. 675, 676 (D. Colo. 2002).

Because this requested evidence is necessary for Ms. Vizguerra-Ramirez to comprehensively reply to the Respondents' Response to her Amended Petition, *see* ECF 30, Ms. Vizguerra-Ramirez also respectfully requests the Court stay any deadlines

for her filing of a Reply to the Response while the Court considers this Motion, and should the Court grant the Motion, while expedited discovery is conducted.

Counsel for Ms. Vizguerra-Ramirez have conferred with opposing counsel, who state that they oppose this Motion. Opposing Counsel have also indicated they oppose a stay of a deadline for Ms. Vizguerra-Ramirez's Reply.

## II. STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

On Monday, March 17, 2025, Ms. Vizguerra-Ramirez was arrested by ICE agents while on her lunch break from work at Target. She was placed in shackles, photographed, and told in Spanish by one of the officers, "We finally got you!" She was transported to the GEO Aurora ICE Processing Center, where she has remained in custody since.

### a. Ms. Vizguerra-Ramirez's History of Activism

The reason ICE was glad they finally "got" Ms. Vizguerra-Ramirez appears to be tied to her long history as an immigration and labor activist. After years of union organizing, she first received significant national attention in 2017, shortly after the start of Trump's first term, when she took sanctuary in Denver's First Unitarian Society Church, and later in the First Baptist Church. *Advocates say ICE agent pursued a personal vendetta against undocumented immigrant Jeanette Vizguerra*, Denverite (March 3, 2017) (https://denverite.com/2017/03/03/advocates-say-ice-agent-pursued-personal-vendetta-undocumented-immigrant-jeanette-vizguerra/) (last visited April 8, 2025). Hundreds of community members marched to support her decision to seek

---

[2] Unless otherwise cited, this Section reiterates facts previously verified in the Amended Petition, ECF 26, and Motion to Clarify, ECF 31-1.

5

sanctuary. *Hundreds march from Civic Center Park to First Unitarian Church to support Jeanette Vizguerra,* Denverite (February 18, 2017) (https://denverite.com/2017/02/18/hundreds-march-civic-center-park-first-unitarian-church-support-jeanette-vizguerra/) (last visited April 8, 2025). Her time in sanctuary made Ms. Vizguerra-Ramirez "perhaps the best-known undocumented immigrant in Colorado" as she became the "new face of the sanctuary movement." *Who is Jeanette Vizguerra, the Denver immigration activist detained by ICE?*, Denverite (March 18, 2025) (https://denverite.com/2025/03/18/who-is-jeanette-vizguerra-ice-detained/) (last visited April 8, 2025). She was named one of Time Magazine's "100 most influential people" in April 2017, with actress America Ferrera authoring the write-up for her entry. *Jeanette Vizguerra, undocumented Denver immigrant, honored as one of TIME's 100 most influential people*, Denverite (April 20, 2017) (https://denverite.com/2017/04/20/denvers-jeanette-vizguerra-one-times-100-influential-people/) (last visited April 8, 2025). In the years since, Ms. Vizguerra-Ramirez "has been a regular face at protests," and "she has also been a vocal advocate in Facebook groups meant to spread the word about ICE's actions in the metro area." *Who is Jeanette Vizguerra, the Denver immigration activist detained by ICE?*, Denverite (March 18, 2025) (https://denverite.com/2025/03/18/who-is-jeanette-vizguerra-ice-detained/) (last visited April 8, 2025); https://www.facebook.com/jeanette.vizguerra. Just a few weeks before she was arrested, Ms. Vizguerra-Ramirez testified at the Colorado state legislature on an immigration-related bill. Colo. Gen. Assemb., Comm. Summary, S. State, Veterans & Military Affairs Comm. (Feb. 25, 2025, 2:04 PM), https://leg.colorado.gov/content/ssa2025a-02252025-020412-pm-committee-summary.

### b. Evidence of DHS and/or ICE's Choice to Target Ms. Vizguerra-Ramirez with the Intent of Suppressing her First Amendment Right

After her March 17, 2025, arrest, Denver ICE's X account posted about Ms. Vizguerra-Ramirez's arrest, with a picture of her in handcuffs and chained at the waist. @ERODenver, X (Mar. 19, 2025) https://x.com/ERODenver/status/1902379157008609329. ICE's main X account then reposted Denver ICE's post about Ms. Vizguerra-Ramirez with the caption "… Despite her being featured in national media for years, we arrested her in public March 17. A high-profile status does not exempt a person from immigration law." @ICEgov, X (Mar. 21, 2025) https://x.com/ICEgov/status/1903090536308940894. Between January 20, 2025, and April 8, 2025, the date Ms. Vizguerra-Ramirez's Amended Complaint and Verified Petition for Writ of Habeas Corpus was filed, ICE's X account posted or reposted photos of 315 noncitizens who were arrested or removed and detailed their criminal history. In the list of violent and headline-grabbing offenses listed, Ms. Vizguerra-Ramirez's inclusion on the list stands out. Out of those 315 individuals, Ms. Vizguerra-Ramirez has one of the least serious crimes,[3] yet ICE chose to post her picture and name with a caption, described above, that is noticeably longer than what they typically post and uniquely focused on her status as a prominent activist.

---

[3] The most common crimes out of these 315 posts were child sexual abuse (~58), gang membership (~42), assault (~52), homicide (~37), and sexual assault (~27). Other common crimes posted include: terrorism, robbery, drug possession, unspecified violent crimes, unlawfully possessing a weapon, human trafficking, attempted murder, money laundering, fraud, impersonating an officer, and driving under the influence. By contrast, Ms. Vizguerra-Ramirez has been convicted of misdemeanor illegal entry and having a fake social security card for work.

Additionally, on March 19, 2025, Tricia McLaughlin said on X that, "Under President Trump and Secretary Noem, we are once again a nation of laws. We will find, arrest, and deport illegal aliens regardless of if they were a featured 'Time Person of the Year.'" Tricia McLaughlin is the Assistant Secretary for Public Affairs within DHS. She oversees the Department's public outreach, including its media, digital, strategic and crisis communications efforts, and serves as the principal advisor to Secretary Noem on all external and internal communications.

On March 18, 2025, John Fabbricatore celebrated Ms. Vizguerra-Ramirez's arrest on X, posting: "She is a criminal, hates Trump, and is an open-borders, abolish-ICE advocate. Bye!!!!" Mr. Fabbricatore, now retired from government service, is the former Field Office Director of the Denver ICE Office. He was serving as the Assistant Field Office Director in 2013, when his office issued the putative reinstatement order against Ms. Vizguerra-Ramirez, and in early 2017, when she first went into sanctuary. On the same day, in response to his own post, Mr. Fabbricatore posted screenshots from Ms. Vizguerra-Ramirez's Facebook page showing her opposition to ICE and to Trump. In another X post on that same day, Mr. Fabbricatore said people should "stop with their tear-jerking for a criminal and anti/ICE [sic] activist."

Mr. Fabbricatore and Ms. Vizguerra-Ramirez also both gave testimony regarding their respective opinions about SB25-047[4] at the Colorado Capitol Building on February 25th, 2025, only a few weeks before Ms. Vizguerra-Ramirez's arrest. Colo. Gen.

---

[4] This bill was introduced by Republican lawmakers and is "[c]oncern[ed with] reversing certain actions by the general assembly related to measures intended to limit enforcement of federal immigration law." S.B. 25-047, 75th Gen. Assemb., 1st Reg. Sess. (Colo. 2025), https://leg.colorado.gov/bills/sb25-047.

8

Assemb., Comm. Summary, S. State, Veterans, & Military Affairs Comm. (Feb. 25, 2025, 2:04 PM), https://leg.colorado.gov/content/ssa2025a-02252025-020412-pm-committee-summary. Mr. Fabbricatore saw that Ms. Vizguerra-Ramirez was in Denver and was actively exercising her First Amendment right to protest the current administration's immigration policies.

Since being detained, Ms. Vizguerra-Ramirez has been treated differently than other detained people: Respondents have continued their retaliatory actions by substantially limiting Ms. Vizguerra-Ramirez's access to counsel when processing her for an reasonable fear screening. Rather than functioning as a protective mechanism for those fearing persecution or torture, the screening process in this case has been administered in a manner that appears to subvert its intended purpose from protective to punitive. As of April 21, 2025, Petitioner made five written and numerous oral requests over two attempted interviews, asking that the process be held in abeyance. However, Respondents have studiously ignored and/or refused to respond. Ms. Vizguerra-Ramirez's deportation officer also met with Ms. Vizguerra-Ramirez and attempted to solicit information regarding her legal strategies in this litigation.

### III. ARGUMENT

#### a. Petitioner is Entitled to Discovery Under the All Writs Act and Rules Governing Habeas Petitions

It is well established that habeas petitioners may seek discovery to aid in proving their claims. Courts are expressly empowered to "issu[e] orders appropriate to assist them in conducting factual inquiries," including discovery, pursuant to the All Writs Act, 28 U.S.C. § 1651. *Harris*, 394 U.S. at 299. Such powers "extend to habeas corpus

9

proceedings." *Id.* at 300; *United States v. Velarde*, 485 F.3d 553, 560 (10th Cir. 2007) ("Discovery is authorized in habeas corpus cases").

The Rules Governing Section 2254 Cases ("Habeas Corpus Rules") are applicable to Ms. Vizguerra-Ramirez's habeas petition, although the Petition is brought under Section 2241. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not" brought under 28 U.S.C. § 2254). Under Habeas Corpus Rule 6, "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Habeas Corpus Rule 6(a). In order to demonstrate good cause, the petitioner "must include specific allegations demonstrating [she] is entitled to habeas relief." *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009) (citing *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)).

Here, Ms. Vizguerra-Ramirez has unquestionably shown good cause for the discovery request. First, if the discovery request is granted, it will aid in assessing the extent of DHS and/or ICE's decision to target Ms. Vizguerra-Ramirez with the goal of suppressing her voice and punishing a prominent activist within the community for speaking out against ICE and the Trump administration's immigration policies. Ms. Vizguerra-Ramirez's requested discovery list is relevant to the parties and this Court's consideration of questions relating to the violation of Ms. Vizguerra-Ramirez's First Amendment rights and will therefore prevent undue complication and delay in this litigation. This is particularly so where Ms. Vizguerra-Ramirez cannot otherwise access the internal communications of the agency she alleges retaliated against her and the Respondents have questioned the sufficiency of her evidence of retaliation.

Nonetheless, what public evidence is available leads to the strong inference that DHS and/or ICE's decision to arrest her was retaliatory. The requested discovery will confirm whether such inference is in fact explicit.

### b. In the Alternative, Petitioner is Entitled to Expedited Discovery Under the Federal Rules of Civil Procedure

Alternatively, Ms. Vizguerra-Ramirez is also entitled to seek discovery under the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 81(4) (stating that the Federal Rules of Civil Procedure apply to proceedings for habeas corpus to the extent the proceedings are not governed by other rules). This Court has recognized "that district court judges are given broad discretion to supervise the discovery process." *Qwest*, 213 F.R.D. at 419 (citing *Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985)).

The Federal Rules of Civil Procedure allow courts to expedite the time for responding to discovery set out in Rule 26(d). When considering motions for expedited discovery, this Court has adopted a reasonableness standard, under which the court determines whether the request is supported by good cause. *See Qwest*, 213 F.R.D. at 419; *see also Pod-Ners*, 204 F.R.D. at 676. "As a general rule, the 'good cause' calculation requires that the Court balance 'the [moving] party's need for information against the injury which might result from unrestricted disclosure.'" *Bustos v. United States*, 257 F.R.D. 617, 621 (D. Colo. 2009) (quoting *Exum v. United States Olympic Committee*, 209 F.R.D. 201, 206 (D. Colo. 2002)) (where the court outlined a good cause standard in relation to a protective order).

Ms. Vizguerra-Ramirez's motion for expedited discovery is supported by good cause because the need to review a targeted section of the DHS, ICE, GEO Group,

11

Inc., and USCIS's internal communications regarding their intentional suppression of Ms. Vizguerra-Ramirez's free speech far outweighs any burden this request would impose on Respondents. To protect any possible privacy concerns of the agency, Petitioner is willing to review evidence under seal.[5] This request is reasonable considering the mismatch between Ms. Vizguerra-Ramirez's profile, and the profile of everyone else DHS has targeted and publicly ostracized. Ms. Vizguerra-Ramirez is in a particularly unique situation because she is an outspoken activist, who first received significant national attention in 2017 when she took sanctuary in a Denver church. *See supra* Statement of Facts and Procedural History. Her activism and her public critique of the Trump administration's immigration policies has made her a direct target of DHS ever since. Due to the amount of public evidence indicating that Respondents are detaining Ms. Vizguerra-Ramirez for the purpose of silencing and/or punishing her, Ms. Vizguerra-Ramirez's need to review their internal communications regarding her arrest and continued detention far outweighs any injury Respondents might incur by producing the requested records.

## IV. CONCLUSION

For the forgoing reasons, Ms. Vizguerra-Ramirez respectfully requests that the Court grant this request for expedited discovery for the following records: 1) all ICE communications concerning Ms. Vizguerra-Ramirez, 2) all DHS communications concerning Ms. Vizguerra-Ramirez,  3) all USCIS communications concerning Ms. Vizguerra-Ramirez, and 4) all GEO Group, including its employees and staff,

---

[5] To the extent that such communications might implicate Ms. Vizguerra-Ramirez's right to privacy under 8 C.F.R. § 208.6, Petitioner requests that those be produced under seal.

communications concerning Ms. Vizguerra-Ramirez within the specified dates of January 1st, 2025 to the day the respective parties would receive the discovery.

Moreover, while the Court considers this Motion, and, should the Court grant it and discovery is taken, Ms. Vizguerra-Ramirez requests a stay in the briefing of her Reply to the Respondents' Response to her Amended Petition.

Respectfully submitted,

*/s/ Elizabeth Jordan*
Elizabeth Jordan, Esq.

*/s/ Lilli Warren*
Lilli Warren, Student Attorney


Elizabeth Jordan
Lilli Warren*
Student Law Office
University of Denver Sturm College of Law
2255 East Evans Avenue Suite 335
Denver, CO 80210
303-871-6368
Elizabeth.jordan@du.edu
lilli.warren@du.edu

*Student Attorney Appearance on file

Laura L. Lichter
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
LLichter@LichterImmigration.com

Mark R. Barr
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
MBarr@LichterImmigration.com

13

Laura P. Lunn
Shira N. Hereld
ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK
7301 Federal Boulevard, Suite 300
Westminster, Colorado 80030
Tel: 720-370-9100
llunn@rmian.org
shereld@rmian.org

Brian Scott Green
Law Office of Brian Green
9609 S University Boulevard
#630084
Highlands Ranch, CO 80130
(443) 799-4225
BrianGreen@greenUSimmigration.com

CERTIFICATE OF SERVICE

I hereby certify that on this __5th__ day of May_____, 2025____ I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and all counsel of record were served through this system pursuant to Fed. R. Civ. P. 5.

*s/    Elizabeth Jordan*