IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00881-NYW

JEANETTE VIZGUERRA-RAMIREZ,

    Petitioner,

v.

DAWN CEJA, Warden, Aurora ICE Processing Center,
ROBERT GUADIAN, Field Office Director, U.S. Immigration and Customs Enforcement,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, and
PAMELA BONDI, U.S. Attorney General,

    Respondents.

---

**RESPONSE TO PETITIONER'S MOTION TO CLARIFY THE SCOPE OF THE TEMPORARY RESTRAINING ORDER, ECF No. 31**

---

Respondents file this response to Petitioner's Verified Motion to Clarify Scope of Temporary Restraining Order, ECF No. 31 ("Motion to Clarify"). The Court should deny the Motion to Clarify. As explained below, the relief Petitioner seeks is not a clarification of the relief the Court provided in its March 21, 2025 Order (the "Do-Not-Remove Order"), ECF No. 11—prohibiting Respondents from removing Petitioner from the District of Colorado—but is additional relief. Petitioner has not shown that the additional relief she seeks is proper to protect the Court's jurisdiction over this habeas proceeding or that such additional relief is otherwise warranted.

## BACKGROUND

**Factual background.** Petitioner is a native and citizen of Mexico. ECF No. 26 ¶ 6. She entered the United States without inspection on two occasions. *Id.* ¶¶ 11, 16.

She is subject to a reinstatement of removal order that was issued in 2013 (the "2013 Reinstatement Order").  ECF No. 16-1 at 4.  U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner on March 17, 2025.  ECF No. 26 ¶ 22.  She is presently detained at the Denver Contract Detention Facility in Aurora, Colorado.  ECF No. 16-1 at 5.  She is detained under 8 U.S.C. § 1231 based on the 2013 Reinstatement Order.  *Id.*

On March 17, 2025, counsel for Petitioner contacted ICE and informed an ICE officer of Petitioner's fear of returning to Mexico.  ECF No. 26 ¶ 26.  She told ICE that if the agency had a valid reinstatement order, Petitioner was entitled to, and formally requested, referral to the United States Citizenship and Immigration Services ("USCIS") Asylum Office for a "reasonable fear" interview.  *Id.*  Under 8 U.S.C. § 1231(b)(3)(A), the Attorney General "may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."  The reasonable-fear interview process is undertaken to determine whether a noncitizen subject to a removal order can be removed to a particular country.  *See* 8 C.F.R. § 208.31 (setting forth the steps in the reasonable-fear interview process).

Since she entered detention, USCIS has made multiple attempts to perform that reasonable-fear interview.  ECF No. 26 ¶¶ 27-40; *see also* ECF No. 30 at 7-8.  On April 14, 2025, USCIS made a reasonable-fear determination.  ECF No. 31-1 at 12.  A referral notice has been made with the Aurora Immigration Court.  ECF No. 36 at 2.

Petitioner contends that there were various procedural deficiencies throughout her reasonable-fear interview process.  *See generally* ECF No. 31-1.

**Procedural background.**  On March 18, 2025, Petitioner filed an application for writ of habeas corpus (the "Petition") with this Court under 28 U.S.C. § 2241.  *See* ECF No. 1.  In the Petition, she challenged the validity of the 2013 Reinstatement Order.  *Id.*  On March 19, 2025, the Court issued an Order to Show Cause why the Court should not grant the Petition.  ECF No. 9.  It set oral argument for March 28, 2025.  *Id.*

On March 21, 2025, the Court entered the Do-Not-Remove Order.  ECF No. 11.  In the Order, the Court ordered that Respondents "**SHALL NOT REMOVE** Petitioner Jeannette Vizguerra-Ramirez from the District of Colorado or the United States unless and until this Court or the Court of Appeals for the Tenth Circuit vacates this Order."  ECF No. 11 at 5-6 (emphasis in original).  The Court explained that Petitioner had argued in her Petition that "[a]bsent an order from this Court, Petitioner faces imminent removal to Mexico[.]"  *Id.* at 2 (quoting ECF No. 1 ¶ 1).  But "based on the current record," the Court could not "assure itself of jurisdiction to consider this habeas petition if Ms. Vizguerra-Ramirez is removed from the United States during the pendency of this action."  *Id.* at 4.  Based on this uncertainty, the Court concluded "that an injunction is necessary to preserve the status quo" and to permit the Court "the opportunity to thoughtfully consider the issues raised by both sides to achieve the ends of justice entrusted to th[e] Court."  *Id.* at 5.

The Court identified the All Writs Act, 28 U.S.C. § 1651(a), as the basis for the Do-Not-Remove Order.  *Id.* at 3.  The All Writs Act provides that "[t]he Supreme Court

and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

On March 24, 2025, Respondents filed a Response to the Order to Show Cause. ECF No. 16. Respondents explained that any review of the validity of the reinstated removal order would need to be pursued in the Tenth Circuit via a petition for review. *Id.* at 10-18. Petitioner replied on March 26, 2025. ECF No. 18. On March 27, 2025, Petitioner submitted a status report to the Court informing it of her intention to file an amended habeas petition. ECF No. 21. The status report stated that the parties were prepared to proceed on the merits at the hearing but were also not opposed to vacating the hearing or converting it to a status conference. *Id.* The Court converted the March 28, 2025 hearing to a status conference. ECF No. 22.

During the Status Conference, counsel for Petitioner argued that the reasonable-fear process should be deferred until a determination is made regarding whether Petitioner was subject to a valid reinstatement order. ECF No. 25, 10:22-11:4. Counsel for Respondents explained that the U.S. Department of Homeland Security's regulations require the reasonable-fear process to start and protect access to counsel in that process. *Id.*, 11:14-13:9; *see generally* 8 C.F.R. § 208.31(c) (setting forth procedures for a reasonable-fear interview and providing, in relevant part, that at such an interview "[t]he alien may be represented by counsel or an accredited representative"). The Court did not make any orders to impede the reasonable-fear process from continuing. Following the March 28, 2025 Status Conference, the Court ordered Petitioner to file an

4

amended petition by April 8, 2025, and ordered Respondents to respond to the amended petition within 21 days after the filing of the amended petition. ECF No. 23.

Petitioner filed the Amended Petition on April 8, 2025. ECF No. 26. In it, she added a challenge to her detention based on her argument that the detention amounted to retaliation in violation of the First Amendment. *Id.* Respondents filed a response to the Amended Petition on April 29, 2025. ECF No. 30. Petitioner filed a reply on May 13, 2025. ECF No. 39. The briefing on the Amended Petition is complete.

On April 29, 2025, Petitioner filed the Motion to Clarify. ECF No. 31. In the Motion to Clarify, Petitioner argued that the Do-Not-Remove Order prohibited Respondents from proceeding with a reasonable-fear determination or any other steps that would render the 2013 Reinstatement Order final for purposes of judicial review. *Id.* at 8-12. The Motion to Clarify requests the following relief from the Court: (1) "Declaring that proceeding with the reasonable fear screening process constitutes a violation of the TRO"; (2) "Vacating any processes or findings related to the reasonable fear screening process that occurred after the Court entered the TRO on March 21, 2025"; and (3) "Enjoining Respondents from conducting the reasonable fear screening process or taking further steps toward removal unless and until the Court has resolved the legality of the purported reinstatement order and the lawfulness of detention." *Id.* at 13.

**Legal background.** Petitioner is detained pursuant to Section 1231. Section 1231(a)(5) provides for the reinstatement of removal orders against noncitizens who illegally reenter the United States. It provides:

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under

5

>an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5).

A noncitizen subject to a reinstated removal order still may seek certain relief or protection from removal. Under Section 1231, the Attorney General may not remove a noncitizen "to a country if the Attorney General decides that [her] life or freedom would be threatened in that country because of [her] race, religion, nationality, membership in a particular social group, or political opinion." *Id*. § 1231(b)(3)(A). Accordingly, a noncitizen who is subject to reinstatement of a removal order under Section 1231(a)(5) may seek "withholding of removal" based on a reasonable fear of persecution or torture if she is returned to the country of removal. *See* 8 C.F.R. § 208.31(a). Once a final removal order is issued or notice is made that a noncitizen is subject to removal, the noncitizen is referred to an asylum officer for a reasonable-fear determination. *Id.* § 208.31(b). Reasonable-fear determinations will typically be made within 10 days of the referral. *Id.*

An asylum officer conducts an interview with the noncitizen to make the reasonable-fear determination. 8 C.F.R. § 208.31(c). The asylum officer then determines whether the noncitizen has established a reasonable possibility that she would be persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion; or would be tortured in the country of removal. *Id.* A noncitizen who receives a negative determination by the asylum officer can seek review by an immigration judge. *Id.* § 208.31(f), (g). A positive determination

6

by the asylum officer also results in a referral to an immigration judge, for consideration of the request for withholding of removal only. *Id.* § 208.31(e).

The Immigration and Nationality Act ("INA"), as amended by the REAL ID Act, provides for judicial review of decisions and matters related to removal orders but limits which courts have jurisdiction to consider such matters. *See generally* 8 U.S.C. § 1252. Under the INA, challenges to removal orders must be presented to the appropriate court of appeals through a petition for review. 8 U.S.C. § 1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)."). Review of any "questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien" provided for under Section 1252 may be pursued "only in judicial review of a final order" of removal. *Id.* § 1252(b)(9).

The Tenth Circuit has determined that it has jurisdiction to consider a petition for review stemming from the reinstatement of a prior removal order. *See Arostegui-Maldonado v. Garland*, 75 F.4th 1132, 1139-40 (10th Cir. 2023) ("An order reinstating a prior removal order is the functional equivalent of a final order of removal and, therefore, we have jurisdiction to review the reinstatement order." (citation omitted)). This jurisdiction includes review of reasonable-fear determinations in withholding-only proceedings that follow reinstatement of a removal order. *See Cadenas-Campuzano v. Garland*, No. 21-9524, 2021 WL 5561434, at *5-6 (10th Cir. Nov. 29, 2021) (reviewing negative reasonable-fear determination for a noncitizen subject to reinstatement of

x

removal through a petition for review). By statute, the petition for review "must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The Tenth Circuit has held that "a reinstated removal order" becomes "final for purposes of judicial review"—and the 30-day clock to file a petition for review under § 1252(b)(1) starts—upon the conclusion of withholding-only proceedings. *Arostegui-Madonado*, 75 F.4th at 1143.

## ARGUMENT

### I.  The Court's Do-Not-Remove Order was clear in its scope.

The Motion to Clarify seeks relief beyond the specific relief granted by the Do-Not-Remove Order. Petitioner's request for relief would not clarify the Order; it would modify it. The Motion to Clarify thus fails to show that clarification is needed.

In the Do-Not-Remove Order, the Court ordered that Respondents "**SHALL NOT REMOVE** Petitioner Jeannette Vizguerra-Ramirez from the District of Colorado or the United States unless and until this Court or the Court of Appeals for the Tenth Circuit vacates this Order." ECF No. 11 at 5-6 (emphasis in original).

The Court acted under the All Writs Act. *Id.* at 3. The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (emphasis added). In accordance with the All Writs Act, the Court explained that its Order was intended to address a concern related to its jurisdiction. *Id.* at 4. Specifically, the Court explained that it could not "assure itself of jurisdiction to consider this habeas petition if Ms. Vizguerra-Ramirez

is removed from the United States during the pendency of this action." *Id.* The Court concluded "that an injunction is necessary to preserve the status quo"—the status quo referring to Petitioner's physical location in the District of Colorado. *Id.* at 5.

The relief the Court granted was clear: it prohibited Respondents from removing Petitioner from this District, until further order. Petitioner acknowledges in her Motion to Clarify that "Respondents have not *physically* moved or removed" her from Colorado. ECF No. 31 at 9 (emphasis in original).

Petitioner, however, suggests that the Court's Do-Not-Remove Order was not clear, and that it could be read as granting different relief—that Respondents may not take *any* further actions in the reasonable-fear process, which she views as steps that might lead to her removal. She thus seeks "clarification" that "under the terms of the TRO Respondents may not force her through the reasonable fear process and thereby advance the finality of the putative reinstatement order beyond the point where it sat when the court entered its TRO." *Id.* at 4. She contends that Respondents "are engaged in the removal process through USCIS's repeated attempts to force [her] through to the conclusion of the reasonable fear process." *Id.* at 9.

In fact, Petitioner appears to contend that the Do-Not-Remove Order should be read as barring any administrative steps that could lead to administrative finality, which could lead to potential judicial review by the Tenth Circuit of her 2013 Reinstatement Order. *Id.* at 5 (explaining that she "seeks clarification that the order applies to" actions that could "materially change the finality of the" 2013 Reinstatement Order). She objects that steps by USCIS to advance the reasonable-fear proceedings could "disrupt

9

the status quo by making the putative reinstatement order final for both detention and judicial review." *Id.* at 8.   She also contends that in seeking such a complete standstill of administrative steps, she does "not seek to modify or expand the TRO." *Id.* at 5.

The relief requested by the Petitioner falls outside the relief granted in the Do-Not-Remove Order.  The Order was limited in scope—it prohibited Respondents from removing Petitioner from the District of Colorado until it is vacated.  ECF No. 11 at 5-6.  In other words, the Do-Not-Remove Order was limited to restricting Respondents from moving Petitioner out of this district.  The Order did not state that the Court was restricting USCIS from taking steps to conduct the reasonable-fear screening that was requested by and required for Petitioner under 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 208.31.  The fact that USCIS has proceeded with Petitioner's reasonable-fear screening does nothing to change the status quo regarding her continued presence in this district.  Given the Do-Not-Remove Order, Respondents will not remove Petitioner until the Court or the Tenth Circuit vacates the Order, even if Petitioner's reasonable-fear screening with USCIS and withholding-only proceedings before an immigration judge are completed while this matter is pending.  Because the Motion to Clarify seeks relief far beyond the limited conduct the Court addressed in the Do-Not-Remove Order—which simply protected the Court's jurisdiction over this matter by barring Respondents from removing Petitioner from the District of Colorado or the United States—the Court should deny it.

## II. Petitioner has not shown that a stay of her reasonable-fear determination is needed to protect the Court's jurisdiction over this habeas proceeding.

Petitioner has not shown that the additional relief she seeks through the Motion to Clarify—an order prohibiting the government from proceeding with the administrative process used to determine whether Petitioner is entitled to withholding-only relief—is properly sought in this proceeding.

Generally, the relief available in a habeas proceeding is immediate or speedier release from detention. Traditionally, habeas has "been a means to secure *release* from unlawful detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (emphasis in original). The "fundamental purpose of a § 2241 habeas proceeding" is to "attack" the legality of a detainee's custody and "the traditional function of the writ is to secure release from illegal custody." *McIntosh v. U.S. Parol Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quotation marks and citation omitted). Thus, a habeas proceeding is not a vehicle for a detainee to challenge something other than the underlying detention, for example the conditions of confinement. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("It is well-settled law that prisoners who wish to challenge only the conditions of their confinement, as opposed to its fact or duration, must do so through civil rights lawsuits . . . not through federal habeas proceedings."). Nor does a habeas proceeding offer a vehicle for an immigration detainee to challenge decisions regarding the detainee's removal. *Cf. Thuraissigiam*, 591 U.S. at 117-18 (concluding that where a petitioner sought "vacatur of his removal order and an order directing [the Department] to provide him with a new . . . opportunity

11

to apply for asylum and other relief from removal" his requested relief fell "outside the scope of the common-law habeas writ" (internal quotation marks and citation omitted)).

Here, Petitioner seeks relief through the Motion to Clarify that does not affect her release from detention. Specifically, she seeks to have the Court issue an order to enjoin Respondents "from conducting the reasonable fear screening process" and to vacate "any processes or findings related to the reasonable fear screening process that occurred after the Court entered the TRO on March 21, 2025." ECF No. 31 at 13. This request does not relate to the legal basis for her detention. Rather, it relates to her conditions of confinement, and specifically whether certain administrative proceedings may proceed while she is detained. Such relief regarding how and when administrative proceedings should take place falls outside the scope of the relief that can be granted in habeas proceedings.

Finally, Petitioner does not seek relief that is needed to protect the Court's jurisdiction. As the Court recognized, the All Writs Act provides the Court with authority to issue an order that is needed to protect its jurisdiction over a habeas proceeding. For example, since habeas jurisdiction under 28 U.S.C. § 2241 is limited to detainees in the district of confinement, an order directing a detainee not be removed from the district can preserve a district court's jurisdiction. But Petitioner has not shown that a stay of administrative proceedings relating to removal (not her detention) is needed to protect this Court's jurisdiction, especially since this Court has already prohibited Respondents from removing Petitioner until further order.

Petitioner's requested relief thus goes beyond what is available in habeas proceedings, including under the All Writs Act.  The Supreme Court has made clear that "the express terms" of the All Writs Act "confine" courts "to issuing process 'in aid of' its existing statutory jurisdiction; the Act does not enlarge that jurisdiction."  *Clinton v. Goldsmith*, 526 U.S. 529, 534-35 (1999).  Petitioner may be concerned about the implications of administrative finality for starting the clock for a potential petition for review before the Tenth Circuit.  *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal.").  But the potential of an administratively final order in Petitioner's withholding-only proceedings does not change this Court's jurisdiction.  The All Writs Act does not authorize the Court to issue an order that is not in aid of the Court's jurisdiction and so Petitioner's sought-after relief is inappropriate here.

> III. **Petitioner has not shown that any deficiencies in her reasonable-fear proceedings may be addressed by this Court, rather than through a petition for review with the court of appeals.**

While Petitioner frames her Motion as one to clarify the Do-Not-Remove Order, she appears to seek to stop her reasonable-fear proceedings on the grounds that her 2013 Reinstatement Order is invalid and the procedures used in her reasonable-fear process have been deficient.  For example, she argues that the 2013 Reinstatement Order is "facially defective" and "an unfinalized draft," and so the reasonable-fear interview process with USCIS should not go forward.  ECF No. 31 at 9.  She also argues that allowing her reasonable-fear determination proceedings to be completed "without regard for her due process rights would strip her of her rightful access to this

13

protection" and would "create a false bureaucratic record justifying her deportation the moment the TRO lifts." *Id.* at 11.  But to the extent Petitioner seeks to challenge the validity of her reasonable-fear proceedings—specifically, whether the initiation of those proceedings was valid and whether the procedures used in her interviews have been lawful—those challenges would need to be raised at the conclusion of those proceedings through a petition for review with the Tenth Circuit.

In 8 U.S.C. § 1252, Congress has channeled challenges to the removal process to the relevant court of appeals. Section 1252(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e)."[1]  Section 1252(b)(9) in turn provides that "[j]udicial review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." In other words, if a noncitizen seeks to challenge a removal order, including any question of law or fact arising from a proceeding dealing with that removal order, they must do so in the appropriate court of appeals.

Accordingly, the proper forum for Petitioner to challenge any determination about whether she is entitled to withholding of removal and the procedure accompanying that determination is the Tenth Circuit.  This Court lacks jurisdiction to consider such issues. *See Martinez v. Napolitano*, 704 F.3d 620, 623 (9th Cir. 2012) ("When a claim by an

---

[1] None of the exceptions in 8 U.S.C. § 1252(e) apply here.

14

alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)."). Indeed, courts have determined that similar challenges must be brought through a petition for review. *Accord Sodhi v. Choate*, No. 19-cv-00974-NRN, 2019 WL 3317293, at *3-4 (D. Colo. July 24, 2019) (concluding that the "Court lacks jurisdiction in this habeas corpus action to consider Applicant's claims challenging the removal proceedings and the resulting order of removal"); *cf. Skurtu v. Mukasey*, 552 F.3d 651, 655-58 (8th Cir. 2008) (explaining that a noncitizen's challenge to his withholding-only proceedings, including a challenge to the adequacy of counsel and whether he received a fair hearing, should be brought through a petition for review with the appropriate court of appeals).

## CONCLUSION

The Court should deny the Motion to Clarify, ECF No. 31, for the multiple reasons set forth above—because the relief Petitioner seeks would not merely clarify, but would go far beyond, the Court's Do-Not-Remove Order, ECF No. 11; because it goes beyond the relief a Court can grant in a habeas proceeding like this one; and because it can be sought only in a petition for review to the court of appeals.

Dated May 20, 2025

          J. BISHOP GREWELL
Acting United States Attorney
s/ Benjamin Gibson
**Benjamin Gibson**
**Timothy Bart Jafek**
**Kevin Traskos**
Assistant United States Attorneys
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0181
benjamin.gibson@usdoj.gov
timothy.jafek@usdoj.gov
kevin.traskos@usdoj.gov

Counsel for Respondents

## CERTIFICATE OF SERVICE

      I certify that on May 20, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

llichter@lichterimmigration.com
mbarr@lichterimmigration.com
briangreen@greenimmigration.com
Elizabeth.jordan@du.edu
llunn@rmian.org
shereld@rmian.org

*s/ Benjamin Gibson*
U.S. Attorney's Office

17