UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00881-NYW-KAS

Jeanette Vizguerra-Ramirez

Petitioner-Plaintiff,

v.

Dawn Ceja,
    Warden, Aurora ICE Processing Center,
Robert Guadian
    Field Office Director, U.S. Immigration and Customs Enforcement, U.S. Department of Homeland Security,
Kristi Noem,
    Secretary, U.S. Department of Homeland Security,
Pamela Bondi,
    U.S. Attorney General, U.S. Department of Justice,
       in their official capacities,

    Respondents-Defendants.

**PETITIONER'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS**

1

## PETITIONER'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS

Pursuant to Federal Rule of Civil Procedure 5.2(d) and Local Rule 7.2, Petitioner, Jeanette Vizguerra-Ramirez ("Ms. Vizguerra-Ramirez"), submits this motion to restrict or redact public access to the Psychological Affidavit of Zury Baez completed by Dr. Gwen Vogel Mitchell, Psy.D., submitted in support of Ms. Vizguerra-Ramirez's Motion for Bond, (ECF No. 57-1). Zury Baez is Ms. Vizguerra-Ramirez's 14-year-old daughter. This Motion requests a **Level 1 restriction**. D.C.COLO.LCivR 7.2(b). Ms. Vizguerra-Ramirez complied with Local Rule 7.1, conferring with Respondents' counsel on July 3, 2025. That same day, Respondents' counsel indicated that they do not oppose Ms. Vizguerra-Ramirez's Motion to Restrict.

## ARGUMENT

Ms. Vizguerra Ramirez demonstrates that restriction is warranted, and the Court should grant her Motion.

Ordinarily, a case filed as "463 Habeas Corpus – [Noncitizen] Detainee" is automatically subject to a Level 1 restriction pursuant to Fed. R. Civ. Pro. 5.2. Thus, in the normal course of business, this motion would not be required. However, due to the unique and public nature of these proceedings, on March 28, 2025, this Court granted Petitioner's Unopposed Oral Motion to Unrestrict the Case. ECF No. 23. The Court's order contemplated this circumstance and directed counsel to follow the Local Rules for "any specific filings and/or exhibits that need restriction." ECF No. 23. This Motion follows.

The public's right to access court records "is not absolute." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *United States v. Hickey*, 767 F.2d 705, 708

(10th Cir. 1985) ("[A] court in its discretion, may seal documents if the public's right of access is outweighed by competing interests") (citations and quotations omitted)). There are a "number of . . . traditional exceptions to the general rule of access . . . ." *Hickey*, 767 F.2d at 708. For example, public access "has been denied where court files might have become a vehicle for improper purposes." *See id.* (quoting *Nixon*, 435 U.S. at 598). Another example includes a party's interest in restricting public access to their personal, private medical information. *United States v. Dillard*, 795 F.3d 1191, 1205–06 (10th Cir. 2015); *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1136 (10th Cir. 2011) (restricting the public's access to private medical records); *Russell v. Lanier*, 404 Fed.Appx. 288, 289 n. 2 (10th Cir. 2010) (acknowledging the "sensitive nature" of medical records and granting the moving party's request to keep the records sealed).

To prevail on a motion to restrict, "[t]he party seeking to overcome the presumption [of access] bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations and quotations omitted). A movant seeking to overcome the presumption and restrict documents from public access must "(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought." *Slivka v. Young Men's Christian*

*Association of Pikes Peak Region*, 390 F.Supp.3d 1283, 1288 (D. Colo. July 11, 2019) (citing D.C. COLO.LCivR 7.2(c)).

Here, Ms. Vizguerra-Ramirez respectfully seeks restriction of public access to "Psychological Affidavit of Zury Baez" (ECF No. 57-1), in support of her Motion for Release on Bond or, In the Alternative, a Preliminary Injunction Ordering Release Pending a Final Judgment. Restriction of this document is warranted because it discusses private and sensitive mental health and developmental information about a minor child. *Dillard*, 795 F.3d at 1205–06 ("[T]he privacy interest inherent in personal medical information can overcome the presumption of public access."). The factors that elevate the potential harm are: (1) Ms. Vizguerra-Ramirez's child is still a minor—age fourteen—and is inherently vulnerable; (2) the document contains sensitive medical information; and (3) Ms. Vizguerra-Ramirez's case has garnered national attention and scrutiny that makes the potential release of information more far reaching. Thus, Ms. Vizguerra-Ramirez and her family's competing interests outweigh the public's right to access to the information contained in ECF No. 57-1.

There are no alternatives other than restricting access or redaction because Ms. Vizguerra-Ramirez's Motion for Release on Bond or, In the Alternative, a Preliminary Injunction Ordering Release Pending a Final Judgment includes arguments that rely on the evidence that is sensitive and is subject to restriction. Requiring Ms. Vizguerra-Ramirez to redact the Psychological Affidavit is impracticable because the Court's review of this information is necessary to adjudicate portions of her habeas petition—namely the exceptional circumstances presented in support of a motion for release during the

pendency of the underlying habeas petition and the irreparable harm factor considered when seeking injunctive relief. Thus, ECF No. 57-1 should be restricted in its entirety from public view and instead remain accessible only to the Court and parties in the litigation under Level 1 restriction. D.C.COLO.LCivR 7.2(b).

## CONCLUSION

Based on the foregoing, Ms. Vizguerra-Ramirez respectfully requests the Court grant this Motion and restrict public access to the Psychological Affidavit of Zury Baez completed by Dr. Gwen Vogel Mitchell, Psy.D.


Dated: July 3, 2025


/s/ Laura P. Lunn
Laura P. Lunn
Shira N. Hereld
ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK
7301 Federal Boulevard, Suite 300
Westminster, Colorado 80030
Tel: 720-370-9100
llunn@rmian.org
shereld@rmian.org

Laura L. Lichter
Mark R. Barr
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
LLichter@LichterImmigration.com
MBarr@LichterImmigration.com

5

Elizabeth Jordan
Lilli Warren*
Student Law Office
University of Denver Sturm College of Law
2255 East Evans Avenue Suite 335
Denver, CO 80210
303-871-6368
Elizabeth.jordan@du.edu
lilli.warren@du.edu
*Student Attorney Appearance on file

Brian Scott Green
Law Office of Brian Green
9609 S University Boulevard
#630084
Highlands Ranch, CO 80130
(443) 799-4225
BrianGreen@greenUSimmigration.com

*Counsel for Petitioner-Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, pursuant to Fed. R. Civ. P. 5, which will send notification of such filing to the following recipients by email:

Benjamin.Gibson@usdoj.gov
Kevin.Traskos@usdoj.gov
Timothy.Jafek@usdoj.gov

/s/ Laura P. Lunn
Laura Lunn
ROCKY MOUNTAIN IMMIGRANT ADVOCACY NETWORK
