IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00881-NYW-KAS

Jeanette Vizguerra-Ramirez,
    Petitioner-Plaintiff,

v.

Juan Baltazar, et al.,
    Respondents-Defendants.

**PETITIONER'S REPLY TO RESPONDENT'S RESPONSE TO PETITIONER'S SECOND AMENDED HABEAS PETITION**

Petitioner, Jeanette Vizguerra-Ramirez ("Ms. Vizguerra") faces prolonged detention in violation of her due process rights. The Constitution of the United States, not 8 U.S.C. § 1231 or its interpretation by the Supreme Court in *Zadvydas*, authorizes her claim. The multi-factor *Singh* test has been repeatedly applied to such claims in this district. Applying that test here shows that Ms. Vizguerra's detention has become unconstitutionally prolonged. Nothing in Respondents' argument alters these claims. Ms. Vizguerra should thus be immediately released, or, alternatively, given an individualized bond hearing before a neutral adjudicator where the government bears the burden of proof.

## ARGUMENT

As set forth in her Amended Petition, Ms. Vizguerra's detention violates due process because it is unconstitutionally prolonged. ECF No. 61 at ¶ 98-120. The government attempts to paint Ms. Vizguerra's claim as a statutory one, encouraging the court to apply *Zadvydas v. Davis* and *Soberanes v. Comfort*. ECF No. 67 (Resp's Brief)

1

at 7-10 (citing 533 U.S. 678, 701 (2001) and 388 F.3d 1305, 1311 (10th Cir. 2004)). However, *Zadvydas* and *Soberanes* have no bearing on Ms. Vizguerra's claim because hers is not a statutory argument; it is an as-applied constitutional challenge to her prolonged detention.

The Supreme Court in *Johnson v. Arteaga-Martinez* Court left the door open to such claims, which, in this district, are analyzed under the *Singh* factors. 596 U.S. 573, 583 (2022); *Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960, at *6 (D. Colo. Aug. 21, 2019). Three parallel cases in this district walk down this now well-trodden path. *Arostegui-Maldonado v. Baltazar*, No. 25-cv-2205-WJM-STV, 2025 WL 2280357 (D. Colo. Aug. 8, 2025); *Ramirez v. Bondi*, No. 25-cv-1002-RMR, 2025 WL 1294919 (D. Colo. May 5, 2025); *Juarez v. Choate*, No. 1:24-cv-00419-CNS, 2024 WL 1012912 (D. Colo. Mar. 8, 2024). This Court should follow that path and grant relief.

I. **Respondents argue for the inapposite application of *Zadvydas* to Ms. Vizguerra's as-applied constitutional challenge to her prolonged detention**

Ms. Vizguerra brings an as-applied constitutional challenge to her prolonged detention, ECF No. 61 at 32-35, as opposed to a statutory claim under *Zadvydas* that § 1231 prohibits her detention. *See* 533 U.S. at 689. The Supreme Court in *Arteaga-Martinez* recognized this distinction. *See* 596 U.S. at 579, 583. There, the Court described the *Zadvydas* holding as a statutory interpretation of § 1231 prohibiting indefinite detention, and then deliberately left undisturbed the right of a noncitizen to bring an as-applied constitutional challenge to her prolonged detention. *Id.*

2

The Respondents largely rely on *Zadvydas* and *Soberanes*, another inapposite case where the petitioner brought only a statutory challenge to his detention under *Zadvydas*. 388 F.3d at 1310-11. Both the petitioner in *Zadvydas* and the petitioner in *Soberanes* challenged their detention by arguing that § 1231 did not permit their detention. 533 U.S. at 683; 388 F.3d at 1310-11. Ms. Vizguerra does not. Accordingly, *Soberanes* and *Zadvydas* are inapplicable here.

Further, unlike Ms. Vizguerra, Mr. Soberanes could not have raised a prolonged detention claim. Ms. Vizguerra is concurrently pursuing a withholding-only claim in immigration court as well as complex procedural and substantive claims before the Tenth Circuit. ECF No. 61 ¶ 89; *Vizguerra-Ramirez v. Bondi*, No. 25-9559 (10th Cir. filed Oct. 14, 2025). Indeed, the mere existence of Ms. Vizguerra's removal order, which serves as the mandatory predicate for Respondents' detention authority under § 1231, is the subject of the litigation in the Tenth Circuit. *See* Brief for Petitioner, *Vizguerra-Ramirez*, No. 25-9559, Dk. No. 15. In contrast, the petitioner in *Soberanes* did not pursue any fear-based relief and instead had only a weak argument to reopen his administratively final case before the Ninth Circuit. *Id*. at 1308. In short, Ms. Vizguerra remains in the midst of administrative and judicial proceedings which could take months, or even years, to fully resolve. Mr. Soberanes was not. Ms. Vizguerra's claim is unique from Mr. Soberanes', and only Ms. Vizguerra raised an as-applied constitutional challenge to prolonged detention.

Ms. Vizguerra's request for review of her detention under constitutional principles prohibiting prolonged detention without adequate process is distinct and not bound by

3

*Zadvydas* or *Soberanes*. It is an individualized claim based on the Fifth Amendment. Such a claim is well-recognized in this district and analyzed under the multi-factor *Singh* test. Due process, not the statute of detention nor cases interpreting it, affords Ms. Vizguerra the right to challenge her prolonged detention.

    II.    **This Court can address Ms. Vizguerra's constitutional claim**

This Court can address Ms. Vizguerra's as-applied constitutional challenge to her prolonged detention. The *Singh* factors provide a workable test to apply, just as courts in this district have done in the past. *Arostegui-Maldonado*, 2025 WL 2280357, at *6; *Ramirez,* 2025 WL 1294919, at *6; *Juarez*, 2024 WL 1012912, at *6. The government argues against application of this test, suggesting that the judges who applied the *Singh* factors in this scenario failed to consider the Supreme Court's reasoning in *Demore v. Kim*, *Arteaga-Martinez* and *Johnson v. Guzman Chavez*. ECF No. 67 at 10-13. Not so.

The government blurs the line between facial and as-applied challenges. In *Demore*, the facial challenge to the constitutionality of 8 U.S.C. § 1226(c) failed. 538 U.S. 510, 513-16 (2003). Left unanswered was the question of whether the statute's individualized application could violate a noncitizen's due process. The *Arteaga-Martinez* Court left that door open for noncitizens subject to § 1231 detention, like Ms. Vizguerra, by leaving constitutional claims challenging prolonged detention "for the lower courts to consider in the first instance." 596 U.S. at 583. Thus, the government's argument fails.

The government asserts a nonexistent threshold requirement for challenging unconstitutionally prolonged detention, claiming that such challenges should only be

4

available in "exceptional" cases. ECF No. 67 at 11-12. The government took the same position in *Arteaga-Martinez*, but the Supreme Court did not adopt it, and it should not prevail here. 596 U.S. at 583 (declining to reach Arteaga-Martinez's constitutional challenges because they "are a court of review, not of first view"); *Arostegui-Maldonado*, 2025 WL 2280357, at *6; *Ramirez,* 2025 WL 1294919, at *6; *Juarez*, 2024 WL 1012912, at *6. Governmental violations of due process must be remedied, not just in exceptional circumstances.

The Court should apply the *Singh* factors to assess whether Ms. Vizguerra's detention is such a violation because it has become prolonged. The government incorrectly argues that the *Singh* test should not apply because the government has a higher interest in detaining noncitizens subject to § 1231 detention compared to § 1226. ECF No. 67 at 12-13 (citing *Guzman-Chavez*, 594 U.S. 523, 544 (2021)). That argument ignores that there "appears to be little substantial distinction between the liberty interest of noncitizens detained pursuant to § 1226(c) and § 1231(a)(6), because '[r]egardless of the stage of the proceedings, the same important interest is at stake— freedom from prolonged detention.'" *Juarez*, 2024 WL 1012912, at *6 (citing *Guerrero Sanchez v. Warden York Cnty. Prison*, 905 F.3d 208, 222 (3d Cir. 2018)). Finally, even if the government were to have a greater interest in detaining someone under § 1231, this would simply impact the weight given to that factor in a *Singh* analysis, and not the applicability of the *Singh* rubric itself. *See, e.g.*, *Arostegui-Maldonado*, 2025 WL 2280357, at *6. Due process applies regardless of whether the detention is authorized by § 1226 or § 1231.

### III. Application of the *Singh* factors show that Ms. Vizguerra's detention is unconstitutionally prolonged

Regarding the application of the *Singh* factors themselves, the government stomps its feet at the *Singh* standard itself and attempts to alter small portions of Ms. Vizguerra's proposed *Singh* factor analysis, rather than address how those factors apply to this case. Such arguments are unpersuasive.

Ms. Vizguerra wins on the first factor, length of time in detention, because Respondents have taken away her liberty for nearly eight months (predicated on a severe First Amendment violation), ECF No. 61 at 38-39.

For the second factor, Ms. Vizguerra faces a significant likelihood of future detention of months or even years. First, as described above, the very existence of her removal order is the subject of litigation in a petition for review at the Tenth Circuit. ECF No. 67 at 15-27; *Vizguerra-Ramirez*, (No. 25-9559). The government's attempts to portray Ms. Vizguerra's removal as simple and assured, either through an execution of the putative removal order, or by removal to a third country on the basis of the putative order, are misguided and premature. Indeed, this Court has previously recognized the unique nature of Ms. Vizguerra's challenge to the existence of a removal order, noting that in its own "independent research, this Court found no case on all fours, where the petitioner claimed that she was granted voluntary departure and departed within the requisite time period—resulting in no valid Order of Removal that could be reinstated upon reentry [ … ]." ECF No. 11 at 4. The outcome at the Tenth Circuit is not a foregone conclusion.

Second, Ms. Vizguerra is in withholding-only proceedings, separately challenging the government's ability to execute the putative order and remove her to Mexico because of the persecution and torture she would face in that country due to her political activism. Ms. Vizguerra is only in such proceedings because the immigration judge ("IJ") determined that there is a "reasonable possibility" the claim will succeed, a high standard. *See* 8 C.F.R. § 208.31(c); *Tomas-Ramos v. Garland*, 24 F.4th 973, 978 n.2 (4th Cir. 2022) (explaining that the "reasonable possibility" required in vetting withholding of removal claims is a more demanding standard than the "significant possibility" required for asylum claims). Ms. Vizguerra has already decided that she will appeal if she receives an unfavorable decision from the IJ on her withholding-only claim.

Finally, the government cannot approximate a date of removal for Ms. Vizguerra. Delays in her Tenth Circuit case are already at issue as deadlines are extended for the government shutdown.[1] Ms. Vizguerra's withholding-only proceedings will extend for substantially more time as both parties are virtually certain to appeal a loss before the IJ, meaning the case will then go to the Board of Immigration Appeals ("BIA")[2] and then likely the Tenth Circuit. The Tenth Circuit may also decide to abate her current petition for review throughout the pendency of Ms.Vizguerra's withholding-only proceedings in

---

[1] On October 15th, after receipt of Ms. Vizguerra's opening brief, counsel for the government moved to abate the briefing schedule during the government shutdown. Dk. No. 17 (25-9559). The Court denied the motion but granted an extension of the deadline for the government's response brief to December 15th. Dk. No. 18 (25-9559).

[2] Review at the BIA will be hampered by the backlog of pending appeals, which has grown from 37,304 at the end of FY 2015 to 186,473 at the end of the third quarter of FY 2025. *See* EOIR Adjudication Statistics—All Appeals Filed, Completed, and Pending, available at: https://www.justice.gov/eoir/workload-and-adjudication-statistics.

7

immigration court and the BIA, pursuant to *Riley v. Bondi*. 145 S.Ct. 2190, 2200 (2025) ("In a case like this, the Government . . . can alert the court of appeals to the pendency of a withholding-only proceeding so that review there can wait until that issue is decided.").[3] Thus, Ms. Vizguerra is facing civil detention that will last well over a year, but likely significantly longer.

For the third factor, conditions of confinement, the government continues to argue with the standard rather than applying it, asserting that Ms. Vizguerra should not challenge her detention conditions habeas. ECF No. 67 at 14. However, a writ of habeas corpus is the "sole federal remedy" when an individual subject to physical imprisonment challenges the fact or duration of imprisonment, seeking immediate or expedited release. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And conditions of confinement are firmly recognized as part of the *Singh* analysis. Ms. Vizguerra's deplorable detention conditions at the Aurora Contract Detention Facility, which the government does not contest, resemble penal confinement. ECF No. 61 at ¶ 105-10; *Martinez v. Ceja*, 760 F. Supp. 3d 1188, 1195 (D. Colo. 2024). Ms. Vizguerra prevails on this factor.

For the fourth and fifth factors, regarding delay, the government's arguments are similarly unconvincing. Ms. Vizguerra has not delayed her own proceedings through any bad faith or dilatory tactics. Judge Brimmer, among others, already decided not to hold

---

[3] At the end of FY 2024, the median length of a civil appeal in the Tenth Circuit, from the filing of the notice to final order, was nearly 11 months. *See* U.S. Court of Appeals—Median Time Intervals, available at: https://www.uscourts.gov/data-news/data-tables/2024/09/30/judicial-business/b-4a.

the petitioner's "efforts to seek relief through the available legal channels against [them]." *Martinez*, 760 F. Supp. 3d at 1195; *see also German Santos v. Warden Pike Cnty. Correctional Facility*, 965 F.3d 203, 212 (3d Cir. 2020) ("we will not hold [petitioner's] appeals and application for discretionary relief against him either.").

The government delayed Ms. Vizguerra's removal proceedings, four times in a row and once under false pretenses, by failing to contact Ms. Vizguerra's counsel before attempting to conduct her reasonable fear interview. ECF No. 61 at ¶ 113. Once placed in withholding-only proceedings, Ms. Vizguerra has sought in good faith, and received for good cause, two continuances. The first was based on the burden placed on undersigned counsel in preparing for the withholding claim (working pro bono on this aspect of the case), while simultaneously litigating the habeas and petition for review in federal court, in addition to an argument about the prudence of awaiting a ruling from the Tenth Circuit regarding the legality of the putative reinstatement order which forms the basis for the government's reinstatement order. The second motion was based on the same arguments but noting that the government had stalled the petition for review, by asking for and receiving an extension of its briefing deadline and adding that Ms. Vizguerra will become eligible for deferred action in November based on her adult daughter's enlistment in the U.S. Air Force. *See* Second Motion to Continue, attached as Ex. A. The IJ granted that request, moving the hearing to December 15th, based on a demonstration of good cause, as required by 8 C.F.R. § 1003.29. *See* IJ Order, attached as Ex. B. Arguing that Ms. Vizguerra engaged in unreasonable delay,

9

Respondents ask this Court to sidestep the IJ's good cause holding. That approach is not endorsed by the majority of courts, including those in this district.

The sixth factor, regarding removal likelihood, fares no better for the government. It argues that Ms. Vizguerra already has a final removal order, but Ms. Vizguerra's removal order is currently the subject of litigation in the Tenth Circuit. Until those proceedings end, the government's arguments based on the existence of a removal order are presumptuous. ECF No. 67 at 15.

Even if Ms. Vizguerra did have a final removal order, the sixth *Singh* factor has evolved in § 1231 detention cases to address the core issue it raises: whether the noncitizen is likely to be removed. *Arostegui-Maldonado*, 2025 WL 2280357, at *9 (considering strength of the petitioner's post-removal-order fear-based claim when determining likelihood of removal); *Ramirez*, 2025 WL 1294919, at *7 (same); *Juarez*, 2024 WL 1012912, at *7 (same). Ms. Vizguerra is pursuing a strong withholding-only claim in immigration court, which has already demonstrated success, given the IJ confirmed she had a reasonable fear. 8 C.F.R. § 1208.31(g)(2). Her beliefs and activism have, and will, make her a target for retribution by the Mexican government and by cartels that the government is unable or unwilling to control. ECF No. 61 at ¶ 24. Ms. Vizguerra has also raised serious legal issues in her petition for review that have a fair prospect of success, with this Court specifically noting that whether departure from the U.S. during a tolled period of voluntary departure causes an alternate order of removal to spring into existence appears to be a matter of first impression in the federal courts. ECF No. 11 at 4. If this Court prefers not to forecast the anticipated outcomes of Ms.

10

Vizguerra's withholding-only proceedings and petition for review, this factor remains neutral.

Finally, if the Court elects to remedy Ms. Vizguerra's due process violation by ordering an individualized bond hearing, the government should bear the burden of justifying by clear and convincing evidence that her continued detention is justified. *Juarez*, 2024 WL 1012912, at *8 ("the Court is persuaded that placing the burden of proof on the government comports with due process requirements") (collecting cases); *Arostegui-Maldonado*, 2025 WL 2280357, at *11 (same); *Ramirez*, 2025 WL 1294919, at *7 (same); *see Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025) (applying the burden shift in the § 1226(a) context).

## CONCLUSION

Ms. Vizguerra has demonstrated that her detention is unconstitutionally prolonged. She respectfully requests that the Court immediately release her or, in the alternative, order a constitutionally adequate bond hearing within seven days before a neutral adjudicator in which the government bears the burden of establishing by clear and convincing evidence that continued detention is justified. Ms. Vizguerra further requests that this Court order the IJ to consider her ability to pay and alternative conditions of release in a bond hearing.

Dated: October 31, 2025

Respectfully submitted,

/s/ Laura L. Lichter
*Counsel for Plaintiff-Petitioner*

11

| | |
|---|---|
| Laura L. Lichter<br>Lichter Immigration<br>1601 Vine Street<br>Denver, CO 80206<br>(303) 554-8400<br>LLichter@LichterImmigration.com | Brian Scott Green<br>Law Office of Brian Green<br>9609 S. University Boulevard, #63008<br>Highlands Ranch, CO 80130<br>(443) 799-4225<br>BrianGreen@greenUSimmigration.com |
| Mark R. Barr<br>Lichter Immigration<br>1601 Vine Street<br>Denver, CO 80206<br>(303) 554-8400<br>MBarr@LichterImmigration.com | Laura Lunn<br>Rocky Mountain Immigrant Advocacy Network<br>7301 N. Federal Blvd., Suite 300<br>Westminster, CO 80030<br>Telephone: (303) 433-2812<br>Llunn@rmian.org |
| Shira Herald<br>Rocky Mountain Immigrant Advocacy Network<br>7301 N. Federal Blvd., Suite 300<br>Westminster, CO 80030<br>Telephone: (30) 433-2812<br>Shereld@rmian.org | Elizabeth Jordan<br>Student Law Office<br>University of Denver Sturm College of Law<br>2255 East Evans Avenue, Suite 335<br>Elizabeth.jordan@du.edu |
| Shannon Long<br>Student Law Office<br>University of Denver Sturm College of Law<br>2255 East Evans Avenue Suite 335<br>Shannon.Long@du.edu | |

## CERTIFICATE OF SERVICE

I certify that on October 31, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

Benjamin.gibson@usdoj.gov
Timothy.jafek@usdoj.gov
Kevin.traskos@usdoj.gov

/s/ Laura L. Lichter
*Counsel for Plaintiff-Petitioner*