**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 25-cv-00881-NYW-KAS

**Jeanette Vizguerra-Ramirez**,
         Petitioner-Plaintiff,

v.

**Juan Baltazar**, et al.,
         Respondents-Defendants.

---

### NOTICE OF PETITIONER'S NEW ELIGIBILITY FOR PAROLE IN PLACE AND DEFERRED ACTION

---

Petitioner, Jeanette Vizguerra-Ramirez notifies the Court of new developments in her case that impact the likelihood of her removal. This is one of the six *Singh* factors relevant to the Court's anticipated determination of whether Ms. Vizguerra-Ramirez's detention has become unconstitutionally prolonged. *See Arostegui-Maldonado v. Baltazar*, 794 F.Supp.3d 926, 941 (D. Colo. 2025); *see also Singh v. Choate*, No. 19-cv-00909-KLM, 2019 WL 3943960, at *5 (D. Colo. Aug. 21, 2019).

Ms. Vizguerra-Ramirez's daughter, Luna Baez Vizguerra, became an active-duty member of the U.S. Air Force on November 18, 2025. Luna Baez Vizguerra's recent enlistment makes Ms. Vizguerra-Ramirez eligible for military parole in place (PIP) and deferred action (DA). Ms. Vizguerra-Ramirez filed her applications for PIP and DA with USCIS on November 21 and 25, 2025, respectively.

Ms. Vizguerra-Ramirez's new eligibility for PIP based on her daughter's enlistment reduces the likelihood of her removal because PIP would permit her to remain in the United States. *See* USCIS, *Immigration Options for Family of Certain Military Members and Veterans*, https://www.uscis.gov/sites/default/files/document/brochures/Brochure-Immigration_Options_for_Family_of_Certain_Military_Members_and_Veterans.pdf (revised Nov. 2016). PIP is a discretionarily granted status that affords parents of an active-duty member of the U.S. armed forces, who were not admitted to the country, access to certain immigration benefits, including for some the possibility of adjusting their status to lawful permanent resident. *See* USCIS Policy Manual, vol. 7 pt. B. ch. 2(A)(3), https://www.uscis.gov/policy-manual/volume-7-part-b-chapter-2; 8 U.S.C. § 1255(a) (requiring that an adjustment applicant be "inspected and admitted or paroled"). PIP is generally an appropriate exercise of discretion for an eligible noncitizen absent serious adverse factors such as criminal convictions. USCIS Policy Manual, vol. 7 pt. B ch. 2(A)(3).

Similarly, Ms. Vizguerra-Ramirez's new eligibility for deferred action based on her daughter's enlistment reduces the likelihood of her removal because such a status is "a 'reprieve' from deportation." *Velasco-Gutierrez v. Crossland*, 732 F.3d 792, 794 (10th Cir. 1984); *Dep't of Homeland Sec. v. Regents of the Univ. of California*, 591 U.S. 1, 27 (2020) ("the defining feature of deferred action is the decision to defer removal"). USCIS makes DA determinations on a case-by-case, discretionary basis, considering the totality of the evidence. USCIS Policy Memo "Discretionary Options for Designated Spouses, Parents, and Sons and Daughters of Certain Military Personnel, Veterans, and Enlistees," PM-602-0114 (Nov. 23, 2016),

https://www.uscis.gov/sites/default/files/USCIS/Laws/Memoranda/2016/PIP-

DA_Military_Final_112316.pdf. Certain factors regularly weigh in favor of noncitizens

seeking DA based on a family member of military personnel, including whether the

noncitizen is eligible for parole. *Id*.

Ms. Vizguerra-Ramirez thus notifies the Court of the aforementioned developments,

which reduce her likelihood of removal and further demonstrate that her detention is

unconstitutionally prolonged. ECF No. 61 ¶ 98-120.

Dated: December 15, 2025

Respectfully submitted,

/s/ Mark R. Barr
*Counsel for Plaintiff-Petitioner*

Mark R. Barr
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
MBarr@LichterImmigration.com

Brian Scott Green
Law Office of Brian Green
9609 S. University Boulevard, #63008
Highlands Ranch, CO 80130
(443) 799-4225
BrianGreen@greenUSimmigration.com

Laura L. Lichter
Lichter Immigration
1601 Vine Street
Denver, CO 80206
(303) 554-8400
LLichter@LichterImmigration.com

Laura Lunn
Rocky Mountain Immigrant Advocacy Network
7301 N. Federal Blvd., Suite 300
Westminster, CO 80030
Telephone: (303) 433-2812
Llunn@rmian.org

Shira Herald
Rocky Mountain Immigrant Advocacy
Network
7301 N. Federal Blvd., Suite 300
Westminster, CO 80030
Telephone: (30) 433-2812
Shereld@rmian.org

Elizabeth Jordan
Student Law Office
University of Denver Sturm College of Law
2255 East Evans Avenue, Suite 335
Elizabeth.jordan@du.edu

Shannon Long
Student Law Office
University of Denver Sturm College of Law
2255 East Evans Avenue Suite 335
Shannon.Long@du.edu

Index of Exhibits

| Ex. | Document | Pages |
|---|---|---|
| A | Military PIP and DA transmittal pages, with receipt notice. | 1-9 |

CERTIFICATE OF SERVICE

I certify that on December 15, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following recipients by e-mail:

Benjamin.gibson@usdoj.gov
Timothy.jafek@usdoj.gov
Kevin.traskos@usdoj.gov

/s/ Mark R. Barr
*Counsel for Plaintiff-Petitioner*



**LICHTER**IMMIGRATION

IMMIGRATION LAW · REMOVAL DEFENSE

November 21, 2025

USCIS
Attn.: I-131 PIP
10 Application Way
Montclair, CA 91763

*Via Federal Express*

MILITARY "PAROLE-IN-PLACE" REQUEST
APPLICANT DETAINED SINCE MARCH 17, 2025

**Applicant:**             **Jeanette VIZGUERRA RAMIREZ, A089-826-036**
**Qualifying Relative:** **Luna Sharel BAEZ VIZGUERRA, U.S. Air Force**

Dear Sir or Madam,

Ms. Vizguerra Ramirez is seeking military parole-in-place as the mother of a member of the U.S. Air Force. In support of her request, enclosed please find:

1. **Form G-28, Notice of Entry of Appearance;**

2. **Form I-131, Application for Travel Document** *(no filing fee required);*

3. **Evidence of Qualifying Relative's identity, familial relationship, and enlistment in the U.S. Air Force:**
   a. State of Colorado birth certificate;
   b. DD Form 4, Enlistment Document;
   c. Department of the Air Force Memorandum for Luna Baez Vizguerra confirming her enlistment and recent start of the basic training, along with the profile screenshot; and
   d. AF Form 3007, Guaranteed Training Enlistment Agreement.

4. **Documents pertaining to the Applicant:**
   a. Birth certificate with translation; and
   b. Two passport-style photos – *unavailable – Applicant in ICE custody.*

5. **Summary of the Applicant's immigration history**

   Ms. Vizguerra Ramirez's immigration history is undoubtedly complex. She currently has a pending habeas petition, *Vizguerra-Ramirez v. Ceja*, 1:25-cv-00881-NYW, and a pending Petition for Review at the Tenth Circuit Court of Appeals. She remains in immigration detention under a court-ordered stay of removal while these legal challenges are resolved.

1601 Vine Street · Denver, CO 80206      303.554.8400 ·    303.554.8099          www.LichterImmigration.com

**LICHTER**IMMIGRATION

Ms. Vizguerra Ramirez was originally placed in removal proceedings in 2009. On November 18, 2011, the IJ in Denver denied Ms. Vizguerra Ramirez's application for cancellation of removal. However, she granted her alternate request for voluntary departure, giving her 60 days to leave the country in lieu of a removal order.

On December 16, 2011, Ms. Vizguerra Ramirez timely appealed the denial of her cancellation application to the Board of Immigration Appeals. Her timely appeal meant that her 60-day period of voluntary departure was tolled during the pendency of the administrative appeal. 8 C.F.R. § 1003.6(a).

In September 2012, while her appeal remained pending, Ms. Vizguerra Ramirez learned that her mother was dying. To see her one last time, she flew back to Mexico. Her departure from the country was, by regulation, deemed a withdrawal of her appeal. 8 C.F.R. § 1003.4. At the same moment of departure in September 2012, the IJ's 2011 order sprang back into existence along with its 60-day voluntary departure period. *Id.* (stating that upon departure "the initial decision in the case shall be final to the same extent as though no appeal had been taken."). Because her departure triggered the start of the reawakened 60-day voluntary departure clock, Ms. Vizguerra Ramirez necessarily made a timely departure, securing her the benefits of the voluntary departure grant, to wit, the absence of a removal order. *Id.*; *see also* 8 U.S.C. § 1229c(b)(1).

Ms. Vizguerra Ramirez then returned to the U.S., without inspection, in April 2013, to be reunited with her children. She was apprehended shortly after her entry and charged criminally for illegal entry under 8 U.S.C. § 1325(a)(1), receiving a sentence of one year of unsupervised probation.[1] After being released from criminal custody, Ms. Vizguerra Ramirez was turned over to ICE custody El Paso, Texas, where she remained until June 7, 2013.

Meanwhile, on May 30, 2013, the Board held that Ms. Vizguerra Ramirez's appeal was deemed withdrawn by virtue of her departure from the U.S. in September 2012. It noted, consistent with 8 C.F.R. § 1003.4, that the IJ's decision became final to the same extent as if no appeal had been taken.

On June 7, 2013, Ms. Vizguerra was released under an order of ICE supervision, which required her to report to the ICE Field Office in Centennial, Colorado.

On July 24, 2013, at her check-in, ICE officials detained Ms. Vizguerra Ramirez. The next day, July 25, 2013, ICE officials informed her that the government was reinstating an alleged removal order from 2011 (which, in fact, was an order of voluntary departure in lieu of removal), pursuant to 8 U.S.C. § 1231(a)(5). Under that provision, if a person reenters the U.S. illegally after "having departed voluntarily, *under an order of removal*, the prior order of removal is reinstated from its original date" and the person "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5) (emphasis added). The regulations

---

[1] Of note, the government did *not* charge Ms. Vizguerra Ramirez with having illegally entered the U.S. after having been ordered removed, under 8 U.S.C. § 1326, despite being aware of the IJ's 2011 voluntary departure order, her Board appeal, and her departure from the U.S.

**LICHTER**IMMIGRATION

implementing the reinstatement statute provide some minimal due process protections for non-citizens accused of having triggered the law.

In reinstatement proceedings under § 1231(a)(5), a DHS officer conducts an interrogation to determine whether an individual has a prior removal order, is in fact the person identified in the prior order and unlawfully reentered. 8 C.F.R. § 241.8(a). In making this determination, the officer "must obtain the prior order." 8 C.F.R. § 241.8(a)(1). At the conclusion of the interrogation, the officer signs and dates the top portion of Form I-871, titled "Notice of Intent/Decision to Reinstate Prior Order." This portion of the form contains the factual allegations against the individual, including that he or she is not a U.S. citizen, the date of the prior order, and the date of illegal reentry.

DHS must inform the individual that she has the right to make a written or oral statement contesting the preliminary determination that she is subject to reinstatement. 8 C.F.R. § 241.8(b). After completing the top portion of Form I-871, the officer must present the notice portion of Form I-871 to the individual to sign and to indicate whether she wishes to make a statement contesting the determination. *Id.* ("If the [individual] wishes to make . . . a statement, the officer shall allow the [individual] to do so and shall consider whether the [individual]'s statement warrants reconsideration of the determination."). Only *after* the person has been informed of their right to challenge the reinstatement, and any such challenge reviewed, does a different officer then sign and date the bottom portion of Form I-871, labeled "Decision, Order and Officer's Certification."

In Ms. Vizguerra Ramirez's case, this sequence—notice, followed by an opportunity to challenge, followed by a final determination—was upended. When DHS officers informed Ms. Vizguerra Ramirez on July 25th of her reinstatement, the agency had *already* signed off on the final determination, on July 24th.

Despite issuing a putative reinstatement order on July 24th, the Department did not seek Ms. Vizguerra Ramirez's removal, instead granting her a stay of removal, which it then renewed numerous times in subsequent years.

Flash forward to March 17, 2025, when immigration officials re-detained Ms. Vizguerra Ramirez, advising her that it was finally executing the 2013 putative reinstatement order. Finally faced with the prospect of removal to Mexico, Ms. Vizguerra Ramirez noted her fear of persecution or torture in her home country. She was placed in withholding-only proceedings on May 20, 2025, to prosecute an application for withholding of removal.

Ms. Vizguerra Ramirez is seeking a review of the putative removal order in habeas and on a petition for review.

6. **Additional evidence in support of this discretionary request:**

   a. Statement by the Applicant's daughter, Luna Baez Vizguerra, USAF;
   b. Psychological assessment of Zury Baez Vizguerra, Ms. Vizguerra Ramirez's youngest daughter (age 14), with birth certificate;
   c. Birth certificate for Roberto Baez Vizguerra, the Applicant's son, age 19;

1601 Vine Street · Denver, CO 80206       303.554.8400 ·    303.554.8099       www.LichterImmigration.com

**LICHTER** IMMIGRATION

  d. Declaration of Jeanette Vizguerra Ramirez (previously submitted in support of release on bond);

  e. Declaration of Jennifer Piper (previously submitted in support of release on bond); and

  f. Criminal History:

    i. CBI Report;

    ii. Colorado Courts Records; and

    iii. Records related to 8 USC §1325(a)(1), Unlawful Entry (Complaint, Judgment).

On February 5, 2009, Ms. Vizguerra Ramirez was pulled over in a traffic stop because her vehicle had expired plates. During that encounter, a police officer determined that she did not have a driver's license or proof of insurance and confiscated her wallet which contained fake documents she used to work. Ms. Vizguerra Ramirez was charged in relation to those fraudulent documents even though she did not provide or otherwise attempt to use them in the encounter.

Ms. Vizguerra Ramirez pled to possession of tools for forgery/counterfeiting, a misdemeanor, and was sentenced to 23 days jail (time served). All other charges were dismissed.

In April 2013, as noted above, Ms. Vizguerra Ramirez was encountered having unlawfully crossed the border from Mexico. She was charged under 8 USC §1325(a)(1) and pled guilty to the same. She was sentenced to one year of unsupervised probation.

We note that in the decade that Ms. Vizguerra Ramirez was granted stays of removal, she submitted hundreds of pages of documentation and support from family, friends, community members, political figures and other supporters attesting to her good moral character and the merits of her case. Rather than reproduce those voluminous records here, Ms. Vizguerra Ramirez incorporates by reference those items previously submitted.

Thank you for your review of this matter. Please do not hesitate to contact my office if you require any additional information in support of this request.

Regards,

LICHTER IMMIGRATION

Laura L. Lichter, Esq.
LLL/mm



**LICHTER** IMMIGRATION

IMMIGRATION LAW · REMOVAL DEFENSE

November 25, 2025

USCIS
Attn.: Deferred Action
10 Application Way
Montclair, CA 91763

*Via Federal Express*

## REQUEST FOR DEFERRED ACTION
## APPLICANT DETAINED SINCE MARCH 17, 2025

**Applicant:**         **Jeanette VIZGUERRA RAMIREZ, A089-826-036**
**Qualifying Relative:  Luna Sharel BAEZ VIZGUERRA, U.S. Air Force**

Dear Sir or Madam,

Ms. Vizguerra Ramirez is seeking deferred action as the mother of a member of the U.S. Air Force. In support of her request, enclosed please find:

*Form G-1450, Authorization for Credit Card Transactions ($520)*

1. **Form G-28, Notice of Entry of Appearance**

2. **Form G-325A, Biographic Information**

3. **Evidence of Qualifying Relative's identity, familial relationship, and enlistment in the U.S. Air Force:**
   a. State of Colorado birth certificate;
   b. DD Form 4, Enlistment Document;
   c. Department of the Air Force Memorandum for Luna Baez Vizguerra confirming her enlistment and recent start of the basic training, along with the profile screenshot; and
   d. AF Form 3007, Guaranteed Training Enlistment Agreement.

4. **Documents pertaining to the Applicant** - birth certificate with translation.

5. **Summary of the Applicant's immigration history**

Ms. Vizguerra Ramirez's immigration history is undoubtedly complex. She currently has a pending habeas petition, *Vizguerra-Ramirez v. Ceja*, 1:25-cv-00881-NYW, and a pending Petition for Review at the Tenth Circuit Court of Appeals. She remains in immigration detention under a court-ordered stay of removal while these legal challenges are resolved.

---

1601 Vine Street · Denver, CO 80206          **303.554.8400** ·     303.554.8099          **www.LichterImmigration.com**

**LICHTER**IMMIGRATION

Ms. Vizguerra Ramirez was originally placed in removal proceedings in 2009. On November 18, 2011, the IJ in Denver denied Ms. Vizguerra Ramirez's application for cancellation of removal. However, she granted her alternate request for voluntary departure, giving her 60 days to leave the country in lieu of a removal order.

On December 16, 2011, Ms. Vizguerra Ramirez timely appealed the denial of her cancellation application to the Board of Immigration Appeals. Her timely appeal meant that her 60-day period of voluntary departure was tolled during the pendency of the administrative appeal. 8 C.F.R. § 1003.6(a).

In September 2012, while her appeal remained pending, Ms. Vizguerra Ramirez learned that her mother was dying. To see her one last time, she flew back to Mexico. Her departure from the country was, by regulation, deemed a withdrawal of her appeal. 8 C.F.R. § 1003.4. At the same moment of departure in September 2012, the IJ's 2011 order sprang back into existence along with its 60-day voluntary departure period. *Id.* (stating that upon departure "the initial decision in the case shall be final to the same extent as though no appeal had been taken."). Because her departure triggered the start of the reawakened 60-day voluntary departure clock, Ms. Vizguerra Ramirez necessarily made a timely departure, securing her the benefits of the voluntary departure grant, to wit, the absence of a removal order. *Id.*; *see also* 8 U.S.C. § 1229c(b)(1).

Ms. Vizguerra Ramirez then returned to the U.S., without inspection, in April 2013, to be reunited with her children. She was apprehended shortly after her entry and charged criminally for illegal entry under 8 U.S.C. § 1325(a)(1), receiving a sentence of one year of unsupervised probation.[1] After being released from criminal custody, Ms. Vizguerra Ramirez was turned over to ICE custody El Paso, Texas, where she remained until June 7, 2013.

Meanwhile, on May 30, 2013, the Board held that Ms. Vizguerra Ramirez's appeal was deemed withdrawn by virtue of her departure from the U.S. in September 2012. It noted, consistent with 8 C.F.R. § 1003.4, that the IJ's decision became final to the same extent as if no appeal had been taken.

On June 7, 2013, Ms. Vizguerra was released under an order of ICE supervision, which required her to report to the ICE Field Office in Centennial, Colorado.

On July 24, 2013, at her check-in, ICE officials detained Ms. Vizguerra Ramirez. The next day, July 25, 2013, ICE officials informed her that the government was reinstating an alleged removal order from 2011 (which, in fact, was an order of voluntary departure in lieu of removal), pursuant to 8 U.S.C. § 1231(a)(5). Under that provision, if a person reenters the U.S. illegally after "having departed voluntarily, *under an order of removal*, the prior order of removal is reinstated from its original date" and the person "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5) (emphasis added). The regulations

---

[1] Of note, the government did *not* charge Ms. Vizguerra Ramirez with having illegally entered the U.S. after having been ordered removed, under 8 U.S.C. § 1326, despite being aware of the IJ's 2011 voluntary departure order, her Board appeal, and her departure from the U.S.

1601 Vine Street • Denver, CO 80206     **303.554.8400** •     303.554.8099     **www.LichterImmigration.com**

LICHTERIMMIGRATION

implementing the reinstatement statute provide some minimal due process protections for non-citizens accused of having triggered the law.

In reinstatement proceedings under § 1231(a)(5), a DHS officer conducts an interrogation to determine whether an individual has a prior removal order, is in fact the person identified in the prior order and unlawfully reentered. 8 C.F.R. § 241.8(a). In making this determination, the officer "must obtain the prior order." 8 C.F.R. § 241.8(a)(1). At the conclusion of the interrogation, the officer signs and dates the top portion of Form I-871, titled "Notice of Intent/Decision to Reinstate Prior Order." This portion of the form contains the factual allegations against the individual, including that he or she is not a U.S. citizen, the date of the prior order, and the date of illegal reentry.

DHS must inform the individual that she has the right to make a written or oral statement contesting the preliminary determination that she is subject to reinstatement. 8 C.F.R. § 241.8(b). After completing the top portion of Form I-871, the officer must present the notice portion of Form I-871 to the individual to sign and to indicate whether she wishes to make a statement contesting the determination. *Id.* ("If the [individual] wishes to make . . . a statement, the officer shall allow the [individual] to do so and shall consider whether the [individual]'s statement warrants reconsideration of the determination."). Only *after* the person has been informed of their right to challenge the reinstatement, and any such challenge reviewed, does a different officer then sign and date the bottom portion of Form I-871, labeled "Decision, Order and Officer's Certification."

In Ms. Vizguerra Ramirez's case, this sequence—notice, followed by an opportunity to challenge, followed by a final determination—was upended. When DHS officers informed Ms. Vizguerra Ramirez on July 25th of her reinstatement, the agency had *already* signed off on the final determination, on July 24th.

Despite issuing a putative reinstatement order on July 24th, the Department did not seek Ms. Vizguerra Ramirez's removal, instead granting her a stay of removal, which it then renewed numerous times in subsequent years.

Flash forward to March 17, 2025, when immigration officials re-detained Ms. Vizguerra Ramirez, advising her that it was finally executing the 2013 putative reinstatement order. Finally faced with the prospect of removal to Mexico, Ms. Vizguerra Ramirez noted her fear of persecution or torture in her home country. She was placed in withholding-only proceedings on May 20, 2025, to prosecute an application for withholding of removal.

Ms. Vizguerra Ramirez is seeking a review of the putative removal order in habeas and on a petition for review.

6. **Additional evidence in support of this discretionary request:**

   a. Statement by the Applicant's daughter, Luna Baez Vizguerra, USAF;
   b. Psychological assessment of Zury Baez Vizguerra, Ms. Vizguerra Ramirez's youngest daughter (age 14), with birth certificate;
   c. Birth certificate for Roberto Baez Vizguerra, the Applicant's son, age 19;

1601 Vine Street • Denver, CO 80206       303.554.8400 •    303.554.8099       www.LichterImmigration.com

**LICHTER**IMMIGRATION

> d. Declaration of Jeanette Vizguerra Ramirez (previously submitted in support of release on bond);
> e. Declaration of Jennifer Piper (previously submitted in support of release on bond); and
> f. Criminal History:
>> i. CBI Report;
>> ii. Colorado Courts Records; and
>> iii. Records related to 8 USC §1325(a)(1), Unlawful Entry (Complaint, Judgment).

On February 5, 2009, Ms. Vizguerra Ramirez was pulled over in a traffic stop because her vehicle had expired plates. During that encounter, a police officer determined that she did not have a driver's license or proof of insurance and confiscated her wallet which contained fake documents she used to work. Ms. Vizguerra Ramirez was charged in relation to those fraudulent documents even though she did not provide or otherwise attempt to use them in the encounter.

Ms. Vizguerra Ramirez pled to possession of tools for forgery/counterfeiting, a misdemeanor, and was sentenced to 23 days jail (time served). All other charges were dismissed.

In April 2013, as noted above, Ms. Vizguerra Ramirez was encountered having unlawfully crossed the border from Mexico. She was charged under 8 USC §1325(a)(1) and pled guilty to the same. She was sentenced to one year of unsupervised probation.

We note that in the decade that Ms. Vizguerra Ramirez was granted stays of removal, she submitted hundreds of pages of documentation and support from family, friends, community members, political figures and other supporters attesting to her good moral character and the merits of her case. Rather than reproduce those voluminous records here, Ms. Vizguerra Ramirez incorporates by reference those items previously submitted.

Thank you for your review of this matter. Please do not hesitate to contact my office if you require any additional information in support of this request.

Regards,

LICHTER IMMIGRATION

*/s/ Laura L. Lichter*
Laura L. Lichter, Esq.
LLL/mm

1601 Vine Street · Denver, CO 80206        303.554.8400 ·    303.554.8099        www.LichterImmigration.com

**Department of Homeland Security**
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

| THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT. |
|---|

| Receipt Number IOE8654619431 | USCIS Online Account Number 051077112615 | Case Type G325A - BIOGRAPHIC INFORMATION (FOR DEFERRED ACTION) |
|---|---|---|
| Received Date 11/28/2025 | Priority Date 11/28/2025 | Applicant A089 826 036 VIZGUERRA RAMIREZ, JEANETTE |
| Notice Date 12/04/2025 | Page 1 of 1 | |

VIZGUERRA RAMIREZ, JEANETTE
c/o LICHTER, LAURA
Lichter Immigration
1601 VINE ST
DENVER CO  80206

**Notice Type:** Receipt Notice

Thank you for submitting your application, petition, or request. Our office is currently processing it.

This notice serves as the receipt notice for your Form G-325A, as well as your request for an Employment Authorization Document selected in Part 3.

Please verify your personal information listed above. If you need to make any changes, immediately notify the USCIS Contact Center using the phone number below.

**Next Steps:**

- We will schedule you for an appointment at a USCIS Application Support Center (ASC) for you to provide your fingerprints, photograph and/or signature.
- We will mail you a separate biometrics appointment notice with the specific date, time, and ASC location. Please wait until you receive your appointment notice before going to the ASC.

Be advised that this notice does **NOT** serve as notification of your biometrics appointment.

If you have any questions or comments regarding this notice or the status of your case, please contact the USCIS Contact Center toll free at 1-800-375-5283. If you are hearing impaired, please call the Contact Center TDD at 1-800-767-1833.

If you have questions about immigration benefits, services, filing information, or forms, please visit our website at www.uscis.gov or call the NCSC. If your mailing address changes while your case is pending, please update it through your USCIS Online Account or by calling the USCIS Contact Center.

You will be notified separately about any other application, petition, or request you may have filed with us.
Please note that if a priority date appears on this notice, it does not reflect any earlier retained priority dates.

Please see the additional information on the back. We will notify you separately about any other cases you have filed.

USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https://www.uscis.gov/file-online.

National Benefits Center
U.S. CITIZENSHIP & IMMIGRATION SVC
P.O. BOX 25920
Overland Park KS 66225

USCIS Contact Center: www.uscis.gov/contactcenter

If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C    10/13/21